ROBERT M. ALLING ET UX. *vs.* GEORGE WEISSMAN.

Third Judicial District, Bridgeport, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In an action for the conversion of a garment left with a tailor for repairs, the complaint alleged that the plaintiff had repeatedly demanded it and had been ready and willing to pay the sum due for its repair, but the defendant refused to deliver it to her, or to give her any account thereof. *Held* that under these circumstances it was unnecessary for the plaintiff to allege a tender of the sum she was ready to pay for repairs.

The plaintiff claimed the garment had been converted by the defendant in 1901, and the jury so found by their verdict. *Held* that what price the defendant put upon the garment, or sold it for, in 1903, was immaterial, in the absence of evidence to show that it was then, as respects style, condition and fashion, as valuable as it was two years before.

After both sides had rested, the trial court allowed the defendant to introduce certain specified evidence, but restricted him to that. *Held* that this was a matter within the discretion of the court, whose ruling was not properly assignable as error.

To avoid any possible misapprehension, a finding, in a case tried to the jury, should not purport to be anything more than a recital of the proceedings which actually took place.

Argued October 27th—decided December 16th, 1904.

ACTION in the nature of conversion, brought to the City

Court of New Haven and tried to the jury before *Tyner, J. ;* verdict and judgment for the plaintiffs for $69, and appeal by the defendant. *No error,*

In this court the appellees filed a plea in abatement on the ground that the appeal was taken to the third, instead of the fourth, Tuesday of October, which the appellant moved to expunge because not filed until after the time prescribed therefor. *Motion to expunge plea in abatement granted.**

*Bernard E. Lynch* and *Frank S. Bishop,* for the appellant (defendant).

*David E. FitzGerald* and *Walter J. Walsh,* for the appellees (plaintiffs).

HAMERSLEY, J. This action is one to recover damages for the conversion of personal property by unlawful refusal to deliver the same upon demand to its owner entitled to immediate possession. The complaint alleges that on or about September 22d, 1901, the plaintiff was the owner of a cloak of the value of $75; that the defendant was engaged in the business of ladies' tailoring, and on said day received the cloak for the purpose of repairing the same for the plaintiff; that the plaintiff has never since seen said cloak, although she has repeatedly demanded the same and been ready and willing to pay the sum due for its repair, and the defendant has refused to deliver said cloak to the plaintiff or to give her any account thereof.

The complaint states in substance a good cause of action.

* PER CURIAM. Section 814 of the General Statutes provides that all pleas in abatement in the Supreme Court of Errors must be filed with the clerk thereof not later than Friday preceding the first day of the term. The party who fails to comply with this requirement subjects himself to a dismissal of his plea; but the court is not thereby prevented in the exercise of its discretion from hearing and determining a plea in abatement otherwise properly filed. There is no reason for the exercise of such discretion in this case.

The plea in abatement is dismissed.

It was not necessary for the plaintiff to allege a tender of the sum she was ready to pay for repairs, in case the defendant had stated and claimed the payment of a sum due him for repairs; and the trial court did not err in overruling a demurrer which specified, as its sole reason, the failure to allege such tender.

The defendant's answer admits that he was engaged in the business of ladies' tailoring; denies the ownership of the cloak as alleged by the plaintiff; denies that he received the cloak from the plaintiff to be repaired as alleged; and denies that the plaintiff made any demand of the defendant for a cloak, except for one which at the time of the demand was the property of the defendant. The case was tried to the jury upon the issues of fact thus framed.

Upon the trial the plaintiff offered evidence to prove and claimed to have proved that about September, 1901, the defendant took from her a cloak belonging to her for the purpose of refitting it for her; that within a reasonable time thereafter she demanded said cloak of the defendant, stating she was ready to pay the sum due for its repair, but the defendant made no claim that he held it for anything that was due thereon, and refused to deliver the cloak or give her any account thereof; and that the cloak was then worth $75.

The defendant offered evidence to prove and claimed to have proved that the transaction as testified to by the plaintiff's witnesses did not take place; but that the only transaction between him and the plaintiff was this: In November, 1900, defendant repaired the cloak and delivered it to the plaintiff, who kept and used the same until April, 1902, when she sold the cloak to the defendant in settlement of a balance of $5.50 then due him on book account; that at the time of said sale the cloak was not worth over $4 or $5; that he kept the cloak unchanged for more than a year and until October, 1903, when it was sold; that the plaintiff demanded said cloak about two weeks after such sale, and the defendant told her it had been sold. It appears from the verdict that the jury found the defendant did not buy the cloak in 1902, but converted it to his own use in 1901. The

defendant's wife, while testifying in support of the transaction as claimed by the defendant, said that as clerk for the defendant she sold the cloak to an Italian woman for "four dollars and a —". The court excluded the question and answer in respect to price. She was then asked whether, before selling at that price, she attempted to get a higher price, and the court excluded the question. The defendant, while testifying to the transaction, said that after buying the cloak he had it hung up in his tailoring establishment and placed on sale, and that it was sold in October, 1903, to an Italian woman. The court excluded the questions, "What price did you put on it?" and "What price did you get for it?" He testified that its reasonable value was $4 or $5. These rulings are assigned as error.

We think that these rulings, even if the questions excluded might properly have been admitted, do not furnish ground for new trial, because, under the circumstances disclosed by the record, they are not material. The conversion having taken place in 1901, what the cloak sold for in 1903, was unimportant, in the absence of evidence to show that it was then, as respects style, condition, and fashion, as valuable as it was two years before.

After the evidence was all in and both sides had rested, the court adjourned to another day for argument. Before the argument commenced the defendant asked leave to introduce certain specified testimony, which was granted by the court. Its refusal to permit the defendant to introduce testimony in addition to that specified, was within the discretion of the court and was not properly assigned for error.

There is no occasion for a correction of the finding. The finding in this case is simply a recital of the proceedings which actually took place in the trial, so far as is necessary to fairly present the scope and effect of rulings made by the court and complained of by the defendant. No facts are found except the fact that the proceedings recited actually took place. There is some ground for the defendant's complaint that in one paragraph the court has attempted to give

to its own view of the legal effect of the proceedings recited the force of a finding of fact. The language used, however, is susceptible of a more innocent meaning, and we have given it that meaning. There should be, in findings of this kind, no occasion for such misapprehension.

There is no error in the judgment of the City Court.

In this opinion the other judges concurred.