Ansonia Foundry Co. *v.* Bethlehem Steel Co.

THE ANSONIA FOUNDRY COMPANY *vs.* THE BETHLEHEM STEEL COMPANY.

*First Judicial District, Hartford, January Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Unless the ends of justice require the filing of a plea in abatement in this court at a later date than the Friday preceding the first day of the term to which the appeal is taken, as provided by General Statutes, § 5849, there is no reason for this court to exercise its discretion in permitting the plea to be filed at a later date.

A new trial will not be granted to a losing litigant merely because the damages recovered by his adversary were too small.

The plaintiff purchased of the defendant a quantity of brass fuses, the first shipment of which, comprising about forty-two per cent of the total contracted for, it refused to accept, on the ground that they did not conform to the contract, and stored them for the defendant's benefit. In a suit by it to recover back the payments it had made to the defendant before discovering the alleged defects, the latter denied that the goods were not as contracted for, and counterclaimed for damages for the plaintiff's refusal to receive the balance of the goods ordered. In support of the counterclaim the defendant offered undisputed evidence of the plaintiff's refusal to receive such balance, and of the defendant's sale of the same at a definite price which was less than the contract price. The jury found for the defendant, but in an amount less than the net loss as shown by the defendant's evidence, and the plaintiff moved that the verdict be set aside on the ground that as the defendant's loss was in a liquidated amount, which the jury had failed to allow, they must have found the material delivered was not according to the contract. The trial court set aside the verdict and the defendant appealed. *Held:*—

1. That the verdict was clearly and directly a finding for the defendant upon the issue that it had fulfilled its contract, and even though the damages appeared inadequate, the plaintiff could not be heard to complain on that point.

2. That though the evidence of damage was undisputed, the amount was not liquidated, since the jury might have found that the material delivered to the plaintiff and paid for by weight contained a greater or less percentage of separable dirt and foreign material, and that the defendant did not sell the balance at the

* Transferred from third judicial district.

best price which might have been obtained with reasonable diligence; and hence that the verdict was not contrary to law.

Argued January 9th—decided March 1st, 1923.

ACTION to recover moneys paid to the defendant for merchandise which was alleged not to have complied with the contract and which the plaintiff, upon examination, refused to accept, brought to the Superior Court in New Haven County and tried to the jury before *Haines, J.;* verdict for the defendant to recover $5,421 upon its counterclaim, which the trial court, upon motion of the plaintiff, set aside as against the evidence, and from this decision the defendant appealed. *Error; judgment to be entered for defendant on the verdict.*

The appellee in this court (the plaintiff) filed a plea in abatement alleging that the appeal was insufficient in not stating the time and place of holding the appellate court, and to this plea the appellant (the defendant) demurred. *Demurrer sustained and plea overruled.*

The following facts were undisputed upon the trial: On June 18th, 1920, plaintiff and defendant entered into a written contract for the purchase and sale of "about 395 gross tons, more or less, of three inch brass fuses," which the party of the first part, the defendant, had on hand at its Tuckahoe plant, and further agreed that "the composition of these brass fuses cannot be guaranteed by the party of the first part," and that "the party of the second part [the plaintiff] purchases the brass fuses as they are." The party of the second part agrees in the contract "to pay in cash for these brass fuses and the party of the first part agrees to accept in payment for these brass fuses ten cents per pound f. o. b. cars Tuckahoe, N. J., terms of payment to be sight draft with bill of lading attached, payment to be guaranteed by the Peoples Bank and Trust Company, New Haven."

Five carloads of material were shipped by the defendant to the plaintiff, and the plaintiff paid sight drafts on plaintiff with bill of lading attached on account of these shipments, aggregating $41,171. These shipments covered about forty-two per cent of the 395 tons contracted for, or 166 tons. Immediately upon examination of the five carloads reaching the plaintiff, it notified the defendant of its refusal to accept these goods and offered to return them to the defendant and demanded the repayment of the $41,171. All of these goods shipped by defendant to plaintiff were unloaded and stored by the plaintiff, but never used by it, and it is able, ready and willing to return them to the defendant.

The plaintiff was compelled to and did pay the freight upon these goods, demurrage charges, the cost of unloading, handling, carting and storage of these goods, for which amounts plaintiff demanded repayment from defendant.

The plaintiff claimed to have proved that the materials shipped "were not three-inch brass fuses called for by Exhibit A, but were disassembled loose brass scrap, full of dirt and mixed partly with aluminum, iron and other miscellaneous metals of a character different from that provided for in Exhibit A and of much less value."

The defendant, on the other hand, offered evidence to prove that the goods shipped were brass fuses within the meaning of the contract, and that it had fully performed its part of the contract.

The defendant filed a counterclaim, and offered evidence thereunder to prove that it offered to ship the balance of the goods not delivered under the contract, Exhibit A, of the same kind and quality as those already delivered, and that these were brass fuses within the meaning of the contract, and that it was able, ready, and willing to make such delivery, but

plaintiff wrongfully refused to receive the goods, and that defendant thereupon duly resold them and received therefor $15,295.70 less than the contract price, and incurred expenses in the resale of $500.73, which were necessary and reasonable. The plaintiff did not contest the fact that defendant did have the undelivered goods on hand similar in character to the goods already shipped and offered to ship them to the plaintiff, nor that these goods were sold for a reasonable price, nor that the expenses incurred in the resale were necessary and reasonable. The issue upon the evidence submitted under the complaint and answer, and under the counterclaim, was whether the goods delivered and those undelivered and offered to be shipped to the plaintiff, were in accordance with the goods contracted for.

By agreement of counsel two forms of general verdict were submitted to the jury, one finding the issues for the plaintiff and the other finding the issues for the defendant, the amount of the damage being in each case left blank. The jury found the issues for the defendant to recover $5,421.87, and the court set aside the verdict upon the plaintiff's motion. From the action of the court in setting aside the verdict the defendant appeals.

*George E. Beers* and *William F. Alcorn,* for the appellant (defendant).

*Benjamin Slade,* for the appellee (plaintiff).

PER CURIAM. The appeal was taken on April 7th, 1922, in the form prescribed by General Statutes, § 5833. The plea in abatement was filed September 27th, 1922. General Statutes, § 5849, provides that pleas in abatement must be filed not later than the

Friday preceding the first day of the term. The term thus referred to is the next term succeeding the filing of the appeal, which began on the second Tuesday of April (April 11th), hence this plea in abatement must have been filed not later than the Friday preceding the said second Tuesday. General Statutes, §§ 5820, 5833; *La Croix* v. *Donovan,* 97 Conn. 414, 418, 117 Atl. 1.

The trial court may, if there is reason for the exercise of such discretion, permit the plea to be filed at a later date, provided it determine that the ends of justice will be served thereby. Where there is no reason for the exercise of such discretion, as in this case, the plea, on motion, will be dismissed. *Alling* v. *Weissman,* 77 Conn. 394, 395, 59 Atl. 419; *Mitchell* v. *Smith,* 74 Conn. 125, 126, 49 Atl. 909.

The motion to dismiss the plea in abatement is granted.

BEACH, J. The only question arising on this appeal is whether the trial court erred in granting the plaintiff's motion for a new trial on the ground that the verdict was against the evidence. The motion was based on somewhat unusual grounds, which may be stated as follows. The main issue presented by the pleadings was whether the material delivered to and paid for by the plaintiff, together with that remaining undelivered in the hands of the defendant, was such as the contract Exhibit A called for. The determination of that question was left to the jury upon conflicting evidence; and on this record it must be assumed, for the purpose of this appeal, that there was evidence upon which the jury might properly have decided either (a) that the material delivered and paid for was not according to contract;—in which case their verdict should have been for the plaintiff to recover

the amounts paid by it for the five carloads received; or (b) that the material was according to contract;— in which case their verdict should have been for the defendant to recover on its counterclaim for damages for the plaintiff's refusal to accept and pay for the undelivered balance of the material contracted for.

The jury found the issues for the defendant and assessed the damages at $5,421.87; and the plaintiff's contention, that the verdict is against the evidence, was and is limited to a claim that the defendant's damages—if it was entitled to any—were so definitely liquidated by undisputed evidence in the sum of $15,-796.43, that a defendant's verdict for only $5,421.87 necessarily shows that the jury must have found that the defendant was not entitled to any damages at all; that is, the jury must have found that the material delivered to and paid for by the plaintiff was not according to contract.

The trial court set aside the verdict, but its memorandum indicates that it did not do so precisely on the ground suggested by the plaintiff. It agreed that the defendant's damages had been liquidated in advance in the above-named amount, but pointed out that the verdict might be understood as establishing either one of two alternative propositions: (1) that the jury found that the material delivered to and paid for by the plaintiff was not according to contract, but nevertheless rendered a verdict for the defendant; (2) that the jury found that the material so delivered, and the balance remaining undelivered, was such as contracted for, but nevertheless found for the defendant in a sum much less than the defendant was entitled to recover. And the court held that upon either hypothesis the verdict was against the evidence. In so holding we think the court was in error.

In the first place, it is quite clear that if either of

the alternative propositions stated is to be regarded as established by the verdict, it must be the latter. The verdict finds the issues for the defendant, and it is not capable of any other construction. It must, therefore, stand or fall as a defendant's verdict for the sum named therein; and then, assuming for the moment that the defendant's damages were liquidated in advance at a fixed sum three times larger than the amount of the verdict, the question is whether the plaintiff was entitled to a new trial on that ground. The law seems to be well settled. "A new trial for inadequacy of damages will not be granted on the application of the parties against whom they are awarded." *Cormier* v. *Martin Lumber Co.*, 98 Wash. 463, 468, 167 Pac. 1105. "Appellant is not entitled to a new trial upon the ground that the appellee ought to have recovered more or nothing." *Wright* v. *Griffey*, 44 Ill. App. 115, 117. "But if the jury gave the plaintiff less than he was entitled to recover, upon the finding of the issues, that is an error of which the plaintiff, alone, can complain. If he submits to the verdict, the defendant cannot be heard to insist that it shall be set aside because it is unjust to the plaintiff." *Wolf* v. *Goodhue Fire Ins. Co.*, 43 Barb. 400, 405, affirmed 41 N. Y. 620. "The defendant cannot be said to have been injured because compelled by the verdict to pay a less sum than he contracted to pay." *Alderman* v. *Cox*, 74 Mo. 78, 79. "Appellant cannot take advantage of the fact that a verdict and judgment against him is for an amount less than was established by the proof." *Smith* v. *Railroad Employees Development Co.* (Texas), 195 S. W. 220. See also 29 Cyc. 848, note 17.

In the case at bar there was, as already pointed out, evidence to support a verdict for the defendant, and hence it must be admitted that if the verdict had been for the full amount of the damages proved by the de-

fendant, there would have been no possible ground for setting it aside. That being so, it seems clear upon principle and authority that the plaintiff ought not to escape the adverse finding on the main issue of liability, solely on the ground that the jury erroneously or intentionally let it off too easily in assessing the damages. If the damages were so grossly inadequate as to show that the jury must have disregarded the evidence and the instructions of the court, they should have been returned to a second consideration under proper instructions. *Sheffield* v. *Beckwith,* 90 Conn. 93, 96 Atl. 316. Failing that, the defendant might have moved for a new trial for inadequacy of damages. But since the defendant preferred to submit to the inadequate verdict, rather than to relitigate the issues, we see no reason why it should not be allowed to do so.

It is, moreover, apparent from the evidence, that the defendant's damages—if any—were not necessarily liquidated in advance at a fixed sum. The amount realized by the defendant on the resale of the unaccepted balance of the material was undisputed; but it does not follow that on the whole case the defendant must have been entitled to recover that amount, or nothing. There was, for instance, testimony from which the jury might have found that the material delivered to and paid for by the plaintiff, although of the kind and quality contracted for, was mixed with a greater or less percentage of separable dirt and foreign materials, all of which were weighed, charged to and paid for by the plaintiff as brass scrap at the rate of ten cents a pound. Some of the plaintiff's letters make the claim that it has been overcharged by the defendant "billing dirt as brass "; and the court charged the jury on this point, saying: "Just how much of foreign material does it contain, just how deleterious the effect of it would be on the melted

product, and just how much of it is dirt and how far it reduces the quantity of metal which the plaintiff is required under the contract to pay for. All this is proper for you to decide."

Again, the resale by the defendant was made on a falling market, and the jury may not have been satisfied that the defendant got the best price which it might with reasonable diligence have obtained.

On this state of the record it cannot be said that the defendant was in law entitled to any particular amount of damages. The undisputed figures realized on the resale should have been taken by the jury as a starting point for the calculation of the defendant's damages, when they found the issues for the defendant. But no rule of law required them to give the defendant the whole difference between the sum realized on the resale and the unpaid balance of the contract price for the same weight of material. Their failure to do so did not make the verdict contrary to law, although it may have made the verdict inadequate in amount; but if so, the defendant was entitled to submit to that injustice and to retain the fruits of its victory on the main issue of liability.

There is error and the cause is remanded with direction to enter judgment for the defendant on the verdict.

In this opinion the other judges concurred.