FIRST NATIONAL BANK IN GREENWICH, ADMINISTRATOR, C.T.A. (ESTATE OF MAY D. MURPHY) v. MILDRED FERGUSON ET AL.

MALTBIE, C. J., AVERY, JENNINGS and ELLS, Js.[1]

Argued June 2—decided September 1, 1942.

[1] By agreement of counsel the case was argued before and decided by four judges.

*James A. Dougherty,* for the plaintiff.

*Franklin P. Ferguson,* of the New York bar, for the named defendant.

PER CURIAM. In this foreclosure action judgment for the plaintiff was rendered on March 28, 1941. Thereafter the judgment was opened and new law days fixed, and it was again modified on stipulation of the parties as to the law days, setting them as April 24 and 25, 1942, for the respective defendants. On April 16th the named defendant, hereinafter referred to as the defendant, filed another motion to extend the law days which simply stated that the defendant "is equitably entitled" to that relief. The motion was denied on April 24, 1942. On May 6, 1942, she filed an appeal "from the judgment . . . and particularly from the decision . . . denying said defendant's motion for an extension of the law day." On May 8, 1942, she filed a motion for an extension of time in which to file a draft finding, but the record fails to show that the trial court granted this motion. On May 20, 1942, the defendant filed a request for a finding and draft finding. On May 23, 1942, the plaintiff filed a motion to erase the appeal for want of jurisdiction in this court to entertain it, and also a plea in abatement. Thereafter the defendant filed motions to dismiss the motion to erase and the plea on the ground that they were filed too late.

Ordinarily the denial of a motion to reopen a judgment is not a final judgment within the appeal statute; its effect at most is that, if filed within the time when an appeal is required to be taken, it may postpone the time within which the appeal need be taken; but, if filed after the time within which a party has a right to appeal, it will not revive that right. *Daland's Application,* 81 Conn. 249, 70 Atl. 449; *Glazer v. Rosoff,* 120 Conn. 120, 179 Atl. 407. The denial of such a motion falls within the rule that, in a proper case, supplemental proceedings following a judgment may be assigned as error in an appeal from the judgment. *Cronin v. Gager-Crawford Co.,* 128 Conn. 401, 404, 23 Atl. (2d) 149; Conn. App. Proc., § 5.

In *Carrington v. Muhlfeld,* 122 Conn. 334, 337, 189 Atl. 184, we stated that we had, in that case, no occasion to consider whether an appeal may be taken from the refusal of a trial court to open a judgment of foreclosure. If an appeal would lie from such a ruling, it would be because the grounds upon which relief was claimed arose after the time to appeal from the original judgment of foreclosure had passed. Whether or not a judgment is final is to be determined upon the face of the record. All that the record discloses relevant to the matter before us is that the defendant made a motion to open the judgment without stating any specific grounds. Hence the motion might have been based upon facts which were before or might have been presented to the trial court at the original hearing. It is true that the draft finding filed by the defendant states only circumstances thereafter arising; but, filed as it was after the time allowed by the rules and without any order of the court permitting its late filing, it has no place in the record; also, for all we know, had it been properly filed, the trial court might

have refused to find the facts as stated in it. Upon the record before us, there is no basis for applying any other than the usual rule, that the denial of a motion to open a judgment is not a final judgment from which an appeal may be taken. We cannot sustain this appeal as one from that denial.

The appeal purports also to have been taken from the original judgment in the case which had been rendered more than a year before. In the absence of any extension of time, this was entirely too late. Practice Book, § 335. This would not be ground for erasing the appeal; Conn. App. Proc., § 150; but it was subject to abatement on this ground. The plea in abatement, it is true, was not filed within ten days from the taking of the appeal, as the rule requires in such a case as this; Practice Book, § 393; but it was filed seven days late. It rests, however, in the discretion of this court whether or not to entertain it. *Alling* v. *Weissman,* 77 Conn. 394, 395, note, 59 Atl. 419; *Ansonia Foundry Co.* v. *Bethlehem Steel Co.,* 98 Conn. 501, 505, 120 Atl. 307. In view of the fact that the appeal, as appears from the draft finding, is addressed wholly to claimed errors in denying the motion to open the judgment, and of the long time which has elapsed since the entry of the original judgment, we have decided to overlook the relatively short delay in filing the plea. The appeal should be abated.

The motion to erase is denied but the plea in abatement is sustained.