BOZENA BIELAN *v.* JOHN BIELAN

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

164

Argued October 6—decided November 18, 1948

*David R. Lessler,* for the appellant (plaintiff).

*William Cohn,* for the appellee (defendant).

DICKENSON, J.   The plaintiff was granted a divorce and custody of the sole child of the marriage with $10 a week for the child's support.   She was denied an award of alimony.   She appealed from the judgment as it related to the denial of alimony.   She made application for an allowance for counsel fees and disbursements to prosecute the appeal, and for temporary alimony.   When this application was denied, she filed an amended appeal which included that denial.   In passing, we point out that a ruling on such an application is within the scope of the appeal from the judgment; Conn. App. Proc. § 4, p. 7; and it is not necessary to amend the appeal but only to include the ruling in the assignments of error or, if they have been filed, to amend them to include it.   *First National Bank* v. *Ferguson,* 129 Conn. 374, 376, 28 A. 2d 87.

The established facts necessary for the determination

of the issue presented by the appeal from the original judgment are as follows: The parties were married December 10, 1941. Their child was born July 8, 1942. The parties were of different religious faiths and had trouble over the christening of the child. Their relations were strained from this date. After refusal by the plaintiff to have sexual intercourse with the defendant he made no further attempt to accomplish it. In November, 1944, the plaintiff left the defendant, taking the child with her. Before that time the quarrels were minor ones. The defendant's attempts at reconciliation were fruitless. In February, 1945, the plaintiff caused the arrest of the defendant for nonsupport. He was ordered by the City Court of Bridgeport to pay $18 a week for the support of his wife and child. Thereafter the defendant called the plaintiff vile names and accused her of adultery without cause. The defendant was a shipping clerk and truck driver. His average weekly earnings were $42 to $44. The plaintiff's average weekly earnings were $26 a week. When working, she paid a woman $8 a week for care of the child. She worked in a mercantile establishment although she was a registered nurse. Nurses are in great demand and on private duty can earn $7 a day. The trial court found that, while the plaintiff had abandoned the defendant without legal justification, he had resorted to conduct thereafter that was "intolerably cruel in calling the plaintiff vile and indecent names and accusing her of lewdness." It concluded that the plaintiff was entitled to a decree of divorce but was not entitled to alimony.

General Statutes, § 5182, provides as follows: "The superior court may assign to any woman divorced by such court a part of the estate of her husband and, in addition thereto or in lieu thereof, may order alimony to be paid from the husband's income. . . . In fixing

the amount which shall be allowed, the court shall take into consideration the amount of the husband's income, whether the same is derived from property already acquired or from his personal daily exertions or from both. . . ." The fact that the award is for periodic payments rather than out of the husband's estate does not change its character as alimony. *German* v. *German,* 122 Conn. 155, 161, 188 A. 429.

The plaintiff claims that the trial court, having found cause for and decreed a divorce, had, under the circumstances, no discretion to refuse to grant alimony. She contends that the refusal was based upon the fact that she had abandoned the defendant prior to the performance of the acts which were the ground for divorce and that this was error. While the trial court included the abandonment in its finding, it also found the facts as to the respective incomes of the parties. Its conclusion was that the plaintiff was not entitled to alimony. We cannot say that the trial court based this conclusion on the abandonment alone. ". . . conclusions . . . will be regarded as deductions from the facts found." Conn. App. Proc. § 82, p. 112. If there are facts stated in the finding which support the conclusion, the judgment should not be disturbed. See *Thompson* v. *Coe,* 96 Conn. 644, 652, 115 A. 219. Whether or not the abandonment of the defendant by the plaintiff would in itself justify a denial of alimony we are not required to decide. It was a proper matter to take into consideration with the other facts in the case. The plaintiff had chosen to leave her husband without justifiable cause and for the time had forfeited her right to support. *Martin* v. *Martin,* 134 Conn. 354, 357, 57 A. 2d 622. His attempts at reconciliation were unavailing. She had caused his arrest and he was required by the City Court of Bridgeport to pay her $18 a week for the support of herself and the child al-

though the trial court has found she left him without legal justification. The payment of $10 a week for the support of the child reduced his net earnings to $32 or $34.

Alimony is not a debt in the sense that a decree granting it establishes it as an antecedent liability. *Wright* v. *Wright,* 93 Conn. 296, 300, 105 A. 684. Trial courts have a wide discretion as to judgments for alimony. *Stapleberg* v. *Stapleberg,* 77 Conn. 31, 38, 58 A. 233; *LaBella* v. *LaBella,* 134 Conn. 312, 318, 57 A. 2d 627. In *Felton* v. *Felton,* 123 Conn. 564, 568, 196 A. 791, we said: "It is the duty of the trial court to determine from the evidence in regard to these matters, whether alimony shall be paid and if so the amount thereof. . . ." That, indeed, was a case where the husband had conveyed properties to his wife, but we pointed out (p. 567) that the provision for allowance from income in the statute "is permissive," not mandatory, and that the award rests within the sound discretion of the court and will not be interfered with unless it appears that it has been abused.

We held in *Christiano* v. *Christiano,* 131 Conn. 589, 596, 41 A. 2d 779, that misconduct of a wife after her divorce is ordinarily no ground for depriving her of alimony already granted, for the obvious reason that such misconduct does not affect the matter litigated. Misconduct prior to judgment, affecting the marital relation, stands upon a different footing and has frequently been held in other jurisdictions to be a proper matter to consider in granting alimony. *Topor* v. *Topor,* 287 Mass. 473, 475, 192 N. E. 52; *Wood* v. *Wood,* 288 Mich. 14, 18, 284 N. W. 627; *Phillips* v. *Phillips,* 135 Neb. 313, 322, 281 N. W. 22; see 17 Am. Jur. § 603, p. 471; note, 44 L. R. A. (N. S.) 1005; 27 C. J. S. 951. While in *Felton* v. *Felton,* supra, 567, we name various matters that are to be taken into con-

sideration in relation to a decree for alimony, we do not restrict consideration to these only. The trial court sees the parties and their witnesses and has the full picture before it. The court in this case might well have inferred from the conduct of the plaintiff in leaving the defendant without justifiable cause that she had chosen to live her own life and earn her own livelihood and that she was capable of doing so. Under the divorce decree, the defendant was required to support the child, and the net earnings left to the parties would not greatly differ. We cannot say that the court abused its discretion in failing to grant alimony.

In the denial of the application for temporary alimony and for an allowance for counsel fees and disbursements pending appeal, the trial court found as additional facts that the defendant was in debt and that his earnings were just about sufficient to cover his living expenses. It might well have concluded that his primary duty was to support the child and that to require the payment of any further amount would imperil his ability to do this. Its judgment in denying temporary alimony finds sufficient support in these facts alone. As to the denial of an allowance for counsel fees and disbursements arising out of the appeal, "The basis of the allowance [to defend] is that she [the wife] should not be deprived of her rights because she lacks funds which may be supplied from property in which as a wife she has a real interest but which is usually within the control of the husband." *Steinmann* v. *Steinmann,* 121 Conn. 498, 505, 186 A. 501. The plaintiff's claim on trial was that she was entitled to reasonable counsel fees and disbursements as a matter of law. Such an allowance is within the sound discretion of the trial court. *LaBella* v. *LaBella,* supra, 319; *Valluzzo* v. *Valluzzo,* 104 Conn. 152, 155, 132 A.

406. Whether it should be made involves the determination of the questions whether the wife is justified in taking the appeal and whether the resources of the parties justify requiring the husband to finance it. While one of the conclusions of the trial court was that there was not sufficient merit in the appeal to warrant granting the motion, another was that the financial resources of the parties did not warrant it. This, on the facts before it, was a sufficient ground for the court to deny the motion. *Schilcher* v. *Schilcher*, 124 Conn. 445, 448, 200 A. 351.

There is no error.

In this opinion the other judges concurred.