LAWRENCE E. LEVY, TRUSTEE *v.* CARTER RICE AND COMPANY

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, Js.

Argued October 4—decided November 29, 1949.

*George N. Finkelstone,* with whom, on the brief, was *L. S. Finkelstone,* for the appellant (plaintiff).

*Johnson Stoddard,* with whom was *Alvin C. Breul, Jr.,* for the appellee (defendant).

JENNINGS, J.   The trustee in bankruptcy of Bochan Brothers, Inc., brought suit to recover the value of a quantity of paper which Bochan had returned to the defendant for credit, claiming that the transaction amounted to a voidable preference under § 60b of the Bankruptcy Act.   52 Stat. 870, 11 U. S. C. § 96 (b). Under the act, a preference is voidable if the creditor who receives property of the bankrupt has, at the time of the transfer, "reasonable cause to believe that the debtor is insolvent."   The trial court rendered judgment for the defendant and the plaintiff appealed.

The following facts were undisputed:   About thirty tons of paper were shipped to Bochan by the defendant in March, 1947, on thirty days' credit.   On April 23 the defendant secured a confidential report from Dun and Bradstreet which showed Bochan to be in

good condition. No payments were made until the latter part of April, when the defendant received $1000. In May the defendant sent its representatives to call on Bochan. The prospects were discussed and an extension of time granted. No payments were made before the period of extension expired and, after several communications by letter and telephone, representatives of the defendant called on Bochan on June 10. The president informed them that the debt could not be discharged in full and that the best he could say was that the company's prospects for business would perhaps improve. It was finally decided that the March shipment would be returned for credit and that Bochan would give the defendant two checks for $500 each to apply on shipments received prior to March. This was done. One check, dated June 10, the day of the conference, was deposited in Boston when the representatives returned there and was paid. The other check was postdated two weeks, was deposited after six weeks and was not paid because payment had been stopped.

Bochan was insolvent on June 10 and the transfer preferred the defendant as a creditor. Bochan continued to operate until July 1, but on July 11 it sent notice to all of its creditors, including the defendant, of a proposed dissolution. It was declared bankrupt on August 6.

The court found as a subordinate fact that the defendant did not know or have reasonable cause to believe that Bochan was insolvent at the time the transfer was made. This finding is attacked. There is evidence that, although Bochan failed to comply with requests from the defendant for financial statements, such a statement was prepared by a public accountant as of May 31. This indicated that while operations

showed increasing losses the company was not insolvent at that time.

"A person shall be deemed insolvent within the provisions of [the Bankruptcy Act] whenever the aggregate of his property . . . shall not at a fair valuation be sufficient in amount to pay his debts." 52 Stat. 841, 11 U. S. C. § 1 (19). Under this definition, the fact that a debtor is unable to pay current bills at the time of the transfer does not of itself establish insolvency as of that time. *McDonald* v. *Clearwater Shortline Ry. Co.*, 164 F. 1007, 1014. This principle has been criticized on the ground that it puts creditors at their debtors' mercy, but "In any event the definition . . . must be strictly adhered to." 1 Collier, Bankruptcy (14th Ed.) ¶ 1.19, p. 69. In determining whether a creditor has reasonable cause to believe that a debtor is insolvent, the former is bound not only by what he knows but also by such facts as reasonable inquiry would disclose, if the known facts were such as to induce an ordinarily prudent business man to inquire further into the debtor's financial situation. *Canright* v. *General Finance Corporation*, 35 F. Sup. 841, 844, 45 Am. B. R. (N. S.) 288; 3 Collier, op. cit., ¶ 60.53, p. 994.

If it be assumed that the facts recited, known to the defendant, were such as to put it upon inquiry, the trial court could reasonably have concluded that the most it would have learned was embodied in the trial balance of May 31, which did not show Bochan to be insolvent on that date. The court's conclusion, that the defendant did not have reasonable cause to believe Bochan insolvent, was one of fact. *In re Pfaffinger*, 154 F. 523, 526; 3 Collier, op. cit., ¶ 60.52, p. 988. It must stand.

The questions of law concern rulings on evidence

and refusal to consider the effect of the Connecticut Bulk Sales Act.

As stated above, the insolvency of Bochan was admitted. Two rulings were based on the ground that proof of this fact was unnecessary unless it was shown that it was brought to the knowledge of the defendant at the time of the transfer. No such evidence was offered and the ruling was correct. See *Alling* v. *Weissman,* 77 Conn. 394, 397, 59 A. 419.

Bochan's president was allowed to state that he did not think that in letting the defendant take back its paper he was depriving other creditors of assets to which they might be entitled. Such a direct statement of a mental state is admissible. *Horowitz* v. *F. E. Spencer Co.,* 132 Conn. 373, 379, 44 A. 2d 702. Since the preference and insolvency were both admitted, the president's mental state was irrelevant but the statement can have done the plaintiff no harm.

The credit manager of the defendant was permitted to testify that it was not unusual for the defendant to allow customers to return paper for credit. It appeared from the evidence, to which we may resort to support a ruling (*Kilpatrick* v. *Kilpatrick,* 123 Conn. 218, 222, 193 A. 765), that the paper in question was purchased to fulfill a particular contract and was not suitable for ordinary work. After it was ordered, the contract was canceled and Bochan was unable to use or dispose of the paper. The evidence was relevant to the reason for the return of the paper.

The same witness testified that it was the defendant's custom to secure credit reports on out-of-town customers and that they did so in this instance. A Dun and Bradstreet report on Bochan, dated April 23, was offered and objected to on the ground that it was hearsay. It was admitted by the trial court for a limited purpose—"not necessarily to prove the truth

of the matter stated in there, but to show the good faith of the defendant in this case in gaining knowledge of the condition which you claim that he should know about as a reasonable person." This was permissible. *Mower* v. *State Department of Health*, 108 Conn. 74, 79, 142 A. 473; *State* v. *Tolisano*, 136 Conn. 210, 214, 70 A. 2d 118; 6 Wigmore, Evidence (3d Ed.) § 1789.

Much was made in the plaintiff's brief of a claim that the trial court failed to consider the effect of the Connecticut Bulk Sales Act, General Statutes, chapter 312. After judgment, the plaintiff made a motion to open it on the ground that this section voided the transfer. The trial court held that the complaint did not raise the issue but set forth only an action based on § 60b of the Bankruptcy Act. It is further found that it offered to open the judgment to permit the filing of an amendment to the complaint but that counsel for the plaintiff insisted that this was unnecessary and declined the opportunity afforded at that time to amend. The plaintiff claims that these findings were erroneous, and he took steps to rectify the appeal under § 365 of the Practice Book. This application was denied. The documents on which the plaintiff depends are not a part of the record of the case and these claims are not discussed.

There is nothing in the complaint which involves the Bulk Sales Act. Variance is no longer treated as strictly as it was under the old common law but it is still necessary for the plaintiff's cause of action to have a basis which is set forth in the allegations of his complaint. *Frosch* v. *Sears, Roebuck & Co.*, 124 Conn. 300, 303, 199 A. 646; *Frogge* v. *Shugrue*, 126 Conn. 608, 611, 13 A. 2d 503. The suit was a statutory action brought under § 60b of the Bankruptcy Act. Had it been brought under § 70e(1), the Bulk Sales Act might

have applied. 52 Stat. 882, 11 U. S. C. § 110 (e) (1); 4 Collier, op .cit., ¶ 70.74, p. 1365. The court adopted the approved course in suggesting that the complaint should be amended. *Frosch* v. *Sears, Roebuck & Co.,* supra, 304. The plaintiff elected to stand on his complaint and must take the consequences. He admits that a motion to open the judgment to permit an amendment, filed in December, 1948, came too late. Since the Bulk Sales Act was not in the case, the question of its effect on the burden of proof does not arise.

There is no error.

In this opinion the other judges concurred.