## Lee Alderucci and Associates, Inc. *v.* Shipley Company, Inc., et al.

Superior Court      Hartford County      File No. 175780

Memorandum filed June 6, 1972

*Ribicoff & Kotkin,* of Hartford, for the plaintiff.

*Robinson, Robinson & Cole,* of Hartford, for the named defendant.

*Peter L. Costas,* of Hartford, for the defendant Conversion Chemical Corporation.

Grillo, J. The plaintiff seeks to expunge the plea in abatement to its complaint filed by the defendant Conversion Chemical Corporation on the ground that the plea was not filed within the time specified under § 76 of the Practice Book.

Prior to its amendment in 1969, § 76 of the Practice Book, entitled "Time to Plead," contained the following language: "Pleas in abatement must be filed on or before the opening of court on the day following the return day of the writ, or if such plea is based upon the allegations of an amended or substituted complaint, within one week after such complaint is filed. Any issue of law or fact shall be joined thereon within one week unless the court shall otherwise order. Except as above provided, pleadings in civil actions, including motions addressed to the pleadings, shall advance at least one step within each successive period of fifteen days from the preceding pleading or the filing of the decision of the court thereon, if one is required. This rule shall not

apply to cases which are continued on account of the absence of the defendant from the state; nor shall it be construed to prevent the court, for cause shown, from varying the progress of the pleadings in any case."

The 1969 amendment, now effective, eliminated all reference to pleas in abatement: "Commencing on the return day of the writ, summons and complaint in civil actions, pleadings, including motions addressed to the pleadings, shall advance at least one step within each successive period of fifteen days from the return day, the preceding pleading or the filing of the decision of the court thereon if one is required." Section 74 of the rules of practice relative to the order of pleadings is, however, still in effect.[1] It would seem, therefore, that the time limitation set forth in § 76, as amended, is applicable to a plea in abatement. The claim of the plaintiff must, therefore, be perused on that premise.

Our rules of practice are designed to facilitate business and advance justice. *Ansonia Foundry Co.* v. *Bethlehem Steel Co.*, 98 Conn. 501, 505. While courts obviously will not countenance a reckless flouting of these procedural guidelines, under justifiable circumstances they will permit a party to deviate therefrom; Practice Book § 547; and will permit a late filing of a plea in abatement. *First National Bank* v. *Ferguson*, 129 Conn. 374, 377; *Ansonia Foundry Co.* v. *Bethlehem Steel Co.*, supra. Recently,

---

[1] "Sec. 74. ——PLEADINGS ALLOWED AND THEIR ORDER.

The order of pleading shall be as follows:

(1) Complaint, which shall be included in the mesne process.

(2) Plea in abatement.

(3) Motion addressed to complaint.

(4) Demurrer to complaint.

(5) Answer.

(6) Motion addressed to answer.

(7) Demurrer to answer.

(8) Reply

Further pleading shall be had, if necessary, until issue is joined."

our Supreme Court directed the refiling of a plea in abatement which had previously been expunged because it was not timely filed on the basis that the lack of jurisdiction once raised must be disposed of no matter in what form it is presented. *Browning* v. *Steers,* 162 Conn. 623, 625.

The return day date of the complaint of the movant was April 25, 1972. The plea was filed May 25, 1972. While the court is not now concerned with the merits of the plea, a disposition of the issue raised requires, among other factors, a consideration of the allegations contained in the plea and the briefs of the parties relating thereto.

The gravamen of the plea is to the effect that "there is a prior action pending between plaintiff and Conversion's co-defendant Shipley Company, Inc., wherein essentially the same facts as presented herein are before the Court and because judgment in favor of the co-defendant Shipley Company, Inc., in that prior action would destroy the substance of plaintiff's allegations since there would be possible none of the alleged conspiracies referred to in the several counts of the complaint."

The defendant Conversion Chemical Corporation further asserts in its brief that a cross complaint has been entered by the present plaintiff in the federal District Court litigation and that under the Federal Rules of Civil Procedure it could properly have joined the defendant Conversion Chemical Corporation, eliminating the necessity of maintaining a separate action herein.

One of the purposes of the rules of practice is to avoid unnecessary litigation. *Hagearty* v. *Ryan,* 123 Conn. 372, 376. In these days of crowded civil and criminal court dockets, it is far better that a fatal defect in a party's action, if one there be, be nipped in its jurisdictional bud. While the court cannot now

determine the validity of the minor and major premises encapsulated in the plea, or whether the plea is the proper procedural vehicle on which to ride, the allegations are such that a short delay in filing should not preclude the defendant Conversion Chemical Corporation from being heard. The plaintiff has undergone no prejudice by the delay. The case is not "off the ground" yet, and the complaint, in ten counts, would indicate a lengthy trial if the case proceeds to a conclusion. It would serve the interests of justice that by proper pleadings the issue of jurisdiction be disposed of now. *Palmer* v. *Reeves*, 120 Conn, 405, 411.

The motion to expunge is denied.