[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#334, 336 349)
The named plaintiff on both the Writ of Summons and the Complaint, ITT Semiconductors, a division of ITT Corporation, filed this action sounding in products liability and negligence, on CT Page 8486 September 12, 1989, to recover for injuries arising out of a fire in its Shelton, Connecticut plant on September 17, 1987. The complaint alleges that the fire was the result of a gas regulator that was defectively made; negligently repaired; negligently tested; negligently installed; and/or part of a system that was negligently designed. The plaintiff claims losses in excess of $2,500,000.
The defendants are Matheson Gas Products, Inc. ("Matheson"); Cryodyne Technologies, Inc. ("Cryodyne"); Thomas Gaston ("Gaston"); and Kent Technological Applications ("Kent"); all of whom allegedly were involved in causing the fire.
During the past two years of litigation, several revised and amended complaints have been filed, pursuant to various motions to strike and requests to revise, the most recent being Plaintiff's Revised Second Amended Complaint, dated June 28, 1991. Consistently, the plaintiff has captioned itself "ITT SEMICONDUCTORS, A DIVISION OF ITT CORPORATION", and has referred to itself in paragraph 4 of Count 1 as "the plaintiff, ITT Corporation. . . ."
The defendants Cryodyne, Matheson and Gaston, filed motions to dismiss the lawsuit on July 15, 1991, July 22, 1991, and August 9, 1991 respectively, claiming the court lacks subject matter jurisdiction. Defendant Kent is not a party to the motion. Specifically, the defendants contend that the plaintiff is ITT Semiconductors, which is a division of ITT Corporation; that a division is not a legal entity, and thus lacks capacity to sue; that as such, the plaintiff has no standing, and therefore the court lacks subject matter jurisdiction. (Matheson and Gaston adopted the memorandum of Cryodyne in their motions).
The plaintiff filed an objection to the motions of Cryodyne and Matheson on August 7, 1991, accompanied by a supporting memoranda of law. At the time of this filing, Gaston had not yet filed his motion to dismiss. Nevertheless, this decision treats the plaintiff's objection to the Matheson motion as being directed toward Gaston's motion as well.
In the plaintiff's memorandum addressing Matheson, it argues in the alternative that either Matheson's motion is improper insofar as it failed to submit its own memorandum, and should be denied, or that it should be resolved in the same manner as the Cryodyne motion. For purposes of this decision, all three motions to dismiss will be resolved in the same manner.
The plaintiff argues: that the true plaintiff is in fact ITT Corporation, and the defendants had notice of that fact from the commencement of the action; that as evidence of such notice, CT Page 8487 Matheson served deposition notices on "the plaintiff, ITT Corporation", Cryodyne attended these depositions, and all defendants obtained "voluminous discovery" from ITT Corporation; that had ITT Semiconductors filed a trade certificate, as did its predecessor in name, ITT Advanced Technologies, it would now be entitled to sue in the division's name; that although the complaint is "inartfully worded", the error is merely a technical one; and that the caption alone cannot be used to defeat the court's subject matter jurisdiction.
Furthermore, the plaintiff requests the court's permission to amend the caption of the complaint, from "ITT SEMICONDUCTORS, A DIVISION OF ITT CORPORATION", to "ITT CORPORATION, DOING BUSINESS AS ITT SEMICONDUCTORS".
During oral argument, the plaintiff requested that the court give consideration to Practice Book 101, which provides for substitution of plaintiffs. The plaintiff also stressed that the inaccurate caption wording was done purely by mistake, and that there would be no prejudice to the defendants if the court permitted this substitution.
The defendants argued that the court must first address the issue of subject matter jurisdiction before considering any other request or motion; that the only motions before the court are the motion to dismiss; and that there can be no substitution of plaintiffs where there was no legal entity as plaintiff in the first place, and therefore no substitution of plaintiffs may be entertained by the court.
Neither in their motions to dismiss nor at oral argument did the defendants claim that they had no notice that ITT Semiconductors was part of ITT Corporation. Further, they failed to claim that any prejudice would result from the court permitting a substitution of plaintiffs.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). The motion to dismiss admits all well-pleaded facts, and they will be viewed in the light most favorable to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983).
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Henry F. Raab Connecticut, Inc. v. J.W. Fisher Co., 183 Conn. 108, 112, 438 A.2d 834 (1981). "A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." Monroe v. Monroe, 177 Conn. 173,185, 413 A.2d 819 (1979). CT Page 8488
Practice Book 101 states:
 When any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff. (See Conn. Gen. Stat. 52-109 and annotations.)
Practice Book 6 states, "The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice."
No Connecticut case appears to be directly on point with the facts of this case. However, in its consideration of the resolvement of the issue of whether the court can allow the substitution of plaintiffs without dismissing the action, the following cases were relevant to that determination.
In Estate of Schoeller v. Becker, 33 Conn. Sup. 79 (Super.Ct. 1975) the court found that where a defendant filed a motion to erase (now a motion to dismiss) on the ground that an estate is not a proper party plaintiff to confer jurisdiction on the court, and thereafter, the plaintiff filed a motion for permission to amend the name of the executor of the estate as plaintiff, since the motions relate to the same underlying issue, the court treated them together.
In Scandinavian Jewelry Box Works, Inc. v. Gilbert, 18 Conn. Sup. 445
(Super.Ct. 1953), the court suggested that the plaintiff corporation amend its writ by inserting its true corporate name for its own protection. "It is at least open to question whether any enforceable judgment could be obtained under the present process." Id.; 446. (Plaintiff Swedish Corporation used only an English translation of its name in the writ).
More recently, in Johndrow v. State, 24 Conn. App. 719 (1991), the court followed the general rule that a motion raised regarding jurisdiction of the court must be dealt with before anything else. The court did note, however, that Practice Book 101, which allows substitution of plaintiffs, would be applicable "where substitution `is necessary for the determination of the real matter in dispute.'" Id.; 722 n. 1.
Moreover, "[o]ur rules of practice are designed to facilitate business and advance justice." Lee Alderucci Associates, Inc. v. Shipley Co., 29 Conn. Sup. 487, 488 (Super.Ct. (1972)). "While CT Page 8489 courts obviously will not countenance a reckless flouting of these procedural guidelines, under justifiable circumstances they will permit a party to deviate therefrom." Id.
In State v. Anonymous (1976-2), 32 Conn. Sup. 306, 312-13
(Super.Ct. 1976), the court reasoned:
 Practice Book [6] . . . provides for a liberal interpretation of the rules in any case where it shall be manifest that a strict adherence to them would work injustice. . . . Procedural rules are not ends in themselves but only the means of administering justice, and exceptions to them in specific cases may be allowed where no violation of constitutional rights is involved. . . . In the interest of justice . . . [the court] has the inherent power to issue an order that meets the problem if it is satisfied no violation of substantial rights will result.
It has been held that where there is no change in the cause of action and the party substituted bears some relation of interest to the original party, the substitution may be allowed, as where the substitution is of one having the legal right to sue instead of one improperly named as plaintiff. 67A C.J.S. Parties 59. Such a substitution is ordinarily discretionary with the court. Id.; 58.
The Connecticut Supreme Court has noted, however:
The effect given to such a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed.
World Fire and Marine Insurance Co. v. Alliance Sandblasting Co.,105 Conn. 640, 643-44 (1927).
Moreover, in Estate of Schoeller, 33 Conn. Sup. at 79, the court stated: "It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or legal entity with legal capacity to sue." 59 Am.Jur.2d, Parties, 20, 21." If the action was not started by a legal person, it is a nullity and there is nothing before the court to amend. Id.; 80.
Further, it has been held that an action may not be maintained with a mere trade name or business interest possessing no legal personality as plaintiff; 67A C.J.S. Parties, 9.
Nevertheless: CT Page 8490
 The courts may allow amendments as to the parties to an action to conform with the facts as long as the cause of action is not changed . . . and no prejudice or disadvantage is suffered by the opposing side; and it has been held in error for the court to disallow an amendment in such case. Such amendment should not be allowed, however, where it effects an entire change of parties, or introduces a new cause of action to the prejudice of the opposing party, or causes a fraudulent or unjust result, or deprives the opposite party of a valuable right.
67A C.J.S. Parties, 170.
Here, the defendants knew that they were being sued by ITT Corporation, and it is clear no unfair prejudice or violation of their rights will result from a change of the named plaintiff in the writ of summons and complaint.
Consequently, the court feels that it is in the interest of furthering the litigation and advancing justice, to allow the plaintiff to amend its pleadings pursuant to Practice Book 101 and 6, by substituting the named plaintiff to be "ITT CORPORATION, DOING BUSINESS AS ITT SEMICONDUCTORS".
Accordingly, the motion to dismiss of the defendants', Matheson, Cryodyne and Gaston are denied.
BY THE COURT MAIOCCO, J.