CONNECTICUT SAVINGS BANK *v.*
R. A. HEGHMANN ET AL.
(12086)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued March 2—decision released May 15, 1984

*Robert A. Heghmann,* for the appellants (defendants).

*Richard B. Cramer,* for the appellee (plaintiff).

PER CURIAM. The sequence of events relevant to a consideration of the issue presented in this appeal is as follows: On May 12, 1981, the plaintiff, Connecticut Savings Bank, commenced a foreclosure action

against the defendants, Robert A. Heghmann and Beatrice M. Heghmann, who allegedly defaulted on the payment terms of a mortgage note and deed executed in October, 1976. On May 28, 1982, the trial court, *Belinkie, J.,* rendered an interlocutory summary judgment against both defendants.[1] The court, relying on the plaintiff's affidavit and other documentary proof and on the defendants' opposing affidavit, concluded that no genuine issue existed. On July 16, 1982, the court, *Jacobson, J.,* rendered a judgment of foreclosure by sale. On August 3, 1982, the defendants took an appeal to this court from this judgment, the granting of the summary judgment, and the severing of the defendants' counterclaims. This appeal was dismissed on February 16, 1983, since the defendants had failed to file their brief.

On December 6, 1982, the judgment of July 16 was opened for the purpose of setting a new sale date, April 2, 1983, the previous sale date having passed.[2] The defendants did not appeal from the judgment of December 6, 1982, but on March 7, 1983 moved to open the final judgment rendered on December 6, 1982. This motion was denied on March 18, 1983.

The defendants now appeal from the denial of the motion to open the judgment of December 6, 1982, "and the prior decisions granting summary judgments and severing." The crux of the defendants' appeal pertains to the summary judgment upon which the final judgment of December 6, 1982 was predicated. They argue that a review of the affidavits illustrates that the ren-

---

[1] On September 24, 1981, in addition to their answer to the complaint, the defendants filed a counterclaim. Succinctly stated, their responses and claims for injunctive relief and money damages encompassed the following allegations: The defendants tendered performance. Payment was rejected by the plaintiff. The plaintiff's activity involved state action, and thus the defendants were deprived of due process of law.

[2] On November 17, 1982, following the trial court's termination of a stay of the judgment of July 16, 1982, this court denied relief from that order.

dering of summary judgment was improper. They maintain that the pleadings and the defendants' affidavit make it "abundantly clear" that the defendants tendered payment, that they were entitled to a jury trial on the issues, and that they were denied due process of law.

The question presented reduces itself to a consideration of whether the trial court abused its discretion in denying the motion to open the judgment of December 6, 1982. *Freccia* v. *Martin,* 163 Conn. 160, 165, 302 A.2d 280 (1972). We find no such abuse.

It is beyond cavil that the sine qua non of the judgment of December 6, 1982, establishing a new date for the sale of the premises, was the July 16, 1982 judgment of foreclosure which was based upon the interlocutory summary judgment rendered on May 28, 1982. The defendants insist that the trial court abused its discretion "in not setting aside the summary judgment and the final judgment predicated upon it." A review of the defendants' preliminary statement of issues in their appeal of August 3, 1982, questioning in a generalized way the propriety of the court's granting the summary judgment, indicates that the arguments now being advanced by the defendants could have been asserted in that appeal which was dismissed. At the hearing on the motion to open the judgment, the trial court observed that it was "well aware" of the fact that the defendants had failed to take appropriate action in the dismissed appeal.[3]

Suffice it to say, the defendants are obliquely attempting to revive an appeal that has succumbed by

---

[3] At the oral argument on the motion to open the judgment of December 9, the trial court was asked *"again* to reconsider the events of May 28th without spending another year or two going back to the Supreme Court." (Emphasis added.)

being abandoned. The trial court did not abuse its discretion in denying the motion to open the judgment.

There is no error.