NATIONAL IRON BANK *v.* JAMES F. GELORMINO ET AL.
(10823)

LANDAU, HEIMAN and FREEDMAN, Js.

Argued May 5—decision released June 23, 1992

*Kerry M. Wisser,* with whom, on the brief, was *Jennifer Jaff,* for the appellants (named defendant et al.).

*John W. Pickard,* for the appellees (plaintiffs).

PER CURIAM. The named defendant and the defendant Irene B. Gelormino appeal from the decision of the trial court denying their motion to open[1] a judgment of foreclosure by sale claiming that the trial court abused its discretion and committed an error of law. We disagree.

In May, 1991, the plaintiff bank instituted foreclosure proceedings against the Gelorminos. The Gelorminos failed to file responsive pleadings and the trial court rendered a default judgment against them. The Gelorminos subsequently sought to open the default judgment pursuant to General Statutes § 52-212. "To qualify under § 52-212, the movant must meet a two-prong test: (1) there must be a showing that a good defense, the nature of which must be set forth, existed at the time judgment was rendered; and (2) the party seeking to set aside the judgment had to have been prevented from making the defense because of mistake,

---

[1] The Gelorminos moved the court "to *reopen* the judgment of foreclosure" which had been rendered in the matter. Although the nomenclature is found in the title to General Statutes § 52-212 and in some decisions of our courts; see e.g., *Bartlett* v. *Bartlett,* 220 Conn. 372, 599 A.2d 14 (1991); *Sasso* v. *Aleshin,* 197 Conn. 87, 495 A.2d 1066 (1985); *D'Occhio* v. *Connecticut Real Estate Commission,* 189 Conn. 162, 455 A.2d 833 (1983); *Northeast Savings, F.A.* v. *Hopkins,* 22 Conn. App. 396, 578 A.2d 136 (1990); *Kavarco* v. *T.J.E., Inc.,* 2 Conn. App. 294, 478 A.2d 257 (1984); unless the judgment has been opened previously, the appropriate appellation is a motion to open. "Reopen" is defined in Webster's Third New World Dictionary as "to open *again*" or "to take up *again*." (Emphasis added.) Thus, we will treat the motion as a motion to open.

accident or other reasonable cause. *Cholewinski* v. *Conway,* 14 Conn. App. 236, 241, 540 A.2d 391 (1988). The decision to grant or deny this relief rests within the trial court's discretion. Id." *A. Secondino & Sons, Inc.* v. *Loricco,* 19 Conn. App. 8, 13, 561 A.2d 142 (1989). Unless the moving party demonstrates an abuse of discretion or some error of law, the denial of the motion to open must stand. Id.

The Gelorminos argue that the trial court's memorandum of decision indicates that the trial court improperly relied on representations of counsel in making its factual determinations. We disagree with their interpretation of the trial court's memorandum of decision. The Gelorminos have failed to demonstrate that the trial court abused its discretion, that its findings were clearly erroneous or that its decision was otherwise erroneous in law. Practice Book § 4061; see also *U.S. Fidelity & Guaranty Co.* v. *K.J. Enterprises, Inc.,* 19 Conn. App. 806, 563 A.2d 1386, cert. denied, 212 Conn. 818, 565 A.2d 538 (1989), cert. denied, 493 U.S. 1088, 110 S. Ct. 1155, 107 L. Ed. 2d 1058 (1990).

The judgment is affirmed.