## Connecticut National Bank *v.* Robert Zuckerman et al.
### (10906)

Dupont, C. J., Landau and Heiman, Js.

Argued October 1—decision released November 24, 1992

*Philip Matthew Hart* filed a brief for the appellants (named defendant et al.).

*Ann R. Stravelle-Schmidt,* for the appellee (plaintiff).

HEIMAN, J. The defendants Robert Zuckerman and Kim Zuckerman[1] appeal from the denial of their motion to open a judgment of strict foreclosure filed pursuant to General Statutes § 49-15.[2] The basis on which these defendants sought to open the judgment was that the property being foreclosed was residential and that they were thus entitled to invoke the protection afforded to them pursuant to General Statutes §§ 49-31d through 49-31i.

The facts necessary to a resolution of this appeal may be summarized as follows. On January 15, 1988, the defendants executed a promissory note payable to the plaintiff in the principal sum of $475,000. To secure that note, they executed and delivered a mortgage on their property, the Blackberry River Inn, located at 538 Greenwood Road (Route 44) in the towns of Norfolk and North Canaan. In addition to the mortgage being foreclosed, the defendants also executed and delivered to the plaintiff a security agreement covering certain personal property.

The note executed by the defendants contained an acknowledgement that the transaction was a part of

---

[1] Other defendants are parties to this foreclosure, but only Robert Zuckerman and Kim Zuckerman appealed from the judgment. Thus, in this opinion, we refer to Robert Zuckerman and Kim Zuckerman as the defendants.

[2] General Statutes § 49-15 provides: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer."

The motion filed by the defendants was denominated a "Motion to Re-Open Judgment." We shall, in this opinion, refer to the motion by the name set forth in the statute, a motion to open judgment.

a commercial transaction and also contained a waiver of the right to notice and hearing with respect to any prejudgment remedy sought by the plaintiff.[3] The mortgage deed also contained a clause indicating the commercial nature of the transaction.[4] Additionally, the defendant Robert Zuckerman, as president of Forest River Road Corporation, executed a guarantee of the indebtedness which also contained language concerning the commercial nature of the transaction.[5]

The note called for fixed monthly installments of $1583.33 in reduction of principal plus accrued interest on the unpaid balance to be paid on the first day of each month. The installment of principal and interest due and payable on May 1, 1990, was not paid nor were any installment payments made subsequent to

[3] The note provides:
"11. MAKER AND EACH ENDORSER, GUARANTOR AND SURETY OF THIS NOTE, AND EACH OTHER PERSON LIABLE OR WHO SHALL BECOME LIABLE FOR ALL OR ANY PART OF THE INDEBTEDNESS EVIDENCED BY THIS NOTE, HEREBY ACKNOWLEDGE THAT THE TRANSACTION OF WHICH THIS NOTE IS A PART IS A COMMERCIAL TRANSACTION, AND TO THE EXTENT ALLOWED UNDER GENERAL STATUTES SECTIONS 52-278a TO 52-278n, INCLUSIVE, OR BY OTHER APPLICABLE LAW, HEREBY WAIVE THEIR RIGHT TO NOTICE AND HEARING WITH RESPECT TO ANY PREJUDGMENT REMEDY WHICH HOLDER OR ITS SUCCESSORS OR ASSIGNS MAY DESIRE TO USE." (Capitalization in the original.)

[4] The mortgage deed contained the following clause:
"12. The Grantor agrees, upon request, to furnish the Grantee promptly with annual operating and financial statements covering the subject premises and its business operations in form and detail satisfactory to the Grantee, said statements to be prepared by a certified public accountant and be submitted within ninety (90) days following the close of Grantor's fiscal year."

[5] The guarantee executed by Robert Zuckerman on behalf of the corporation contained the following clause in bold type face: "The undersigned acknowledges that the transaction of which this guarantee is a part is a commercial transaction, and hereby waives its right to notice and hearing under Chapter 903a of the Connecticut General Statutes, or as otherwise allowed by the law of any state or federal law, with respect to any prejudgment remedy which you, your successors or assigns may desire to use."

that date. By complaint returnable on the second Tuesday of August, 1990, the plaintiff sought foreclosure of the mortgage securing the debt and other relief.

On August 19, 1991, the court granted a motion for judgment filed by the plaintiff, found the debt to be $494,965.43, awarded an attorney's fee of $9494.15 and rendered a judgment of strict foreclosure, setting a law day of January 6, 1992, for the owners of the equity of redemption, and subsequent days thereafter in the reverse order of priority for the other defendants. No appeal was taken from the judgment of strict foreclosure.

By motion dated November 12, 1991, the defendants moved to open the judgment of strict foreclosure in accordance with the provisions of General Statutes § 49-15. In support of said motion, the defendants filed affidavits, claiming, inter alia, "[t]hat the mortgage debt being foreclosed encumbers residential real property which has served as [our] principal residence for a period of not less than two years." The trial court held a hearing on the motion to open the judgment and denied the motion. This appeal followed.

The defendants claim that the trial court's denial of their motion to open the judgment was improper.[6] The defendants' complaint is premised on the assertion that the trial court improperly found that the defendants were not homeowners as defined by General Statutes § 49-31d (2) and that they were thus not within the class protected by the provisions of General Statutes §§ 49-31d through 49-31i. In addition, the defendants posit that the trial court abused its discretion by denying the motion to open the judgment because of the

---

[6] The defendants had also claimed that the refusal of the trial court to issue an order staying the foreclosure action pursuant to General Statutes § 49-31e (d) was also improper. This court ordered that claim stricken at an earlier time and it is thus not involved in this appeal.

impropriety of its finding. We do not agree with either premise and, accordingly, affirm the judgment.

The standard of review that we apply is whether the trial court's denial of the defendants' motion to open the judgment of foreclosure constitutes a clear abuse of its discretion. *Society for Savings* v. *Stramaglia,* 25 Conn. App. 688, 690, 596 A.2d 20, cert. granted, 220 Conn. 926, 598 A.2d 367 (1991); *Connecticut National Bank* v. *N. E. Owen II, Inc.,* 22 Conn. App. 468, 475, 578 A.2d 655 (1990); see General Statutes § 49-15.

In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. *Gillis* v. *Gillis,* 214 Conn. 336, 340, 572 A.2d 323 (1990); *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 612, 153 A.2d 463 (1959). Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did. *Gillis* v. *Gillis,* supra, 340–41; *Timm* v. *Timm,* 195 Conn. 202, 210, 487 A.2d 191 (1985). Applying this standard of review, we conclude that the trial court did not abuse its discretion in denying the defendants' motion to open the judgment.

General Statutes § 49-31d (2) provides: " 'Homeowner' means a person who has an ownership interest in residential real property secured by a mortgage which is the subject of a foreclosure action, and who has owned and occupied such property as his principal residence for a continuous period of not less than two years immediately preceding the commencement of such foreclosure action." It is apparent from the statute that the legislature intended to afford special protection to persons who own residential real property as opposed to those who own commercial real property.

The trial court found that the evidence produced by the defendants failed to establish that they were within the class of persons protected by General Statutes § 49-31d and that they thus had failed to establish the requisite cause necessary for the court to open the judgment.

It was the defendants' burden to establish the existence of good cause to be entitled to an opening of the judgment pursuant to General Statutes § 49-15. *Farmers & Mechanics Savings Bank* v. *Sullivan,* 216 Conn. 341, 353, 579 A.2d 1054 (1990) (the term cause as used in General Statutes § 49-15 refers to good cause); *Connecticut National Bank* v. *N. E. Owen II, Inc.,* supra. The trial court found that the defendants had failed in this endeavor.

The trial court had before it all of the documents enumerated in this opinion, including the mortgage deed, the note and the corporate guarantee of the debt. These documents reflect the commercial nature of the transaction rather than that of a simple mortgage of purely residential property. The defendants failed to produce RESPA forms or any other residential closing documents to permit the trial court to find that the property being foreclosed was residential in nature. All that the trial court had before it to support the claim of the defendants were their affidavits, which contained only conclusions. Thus, the trial court correctly found that the defendants did not qualify as homeowners under General Statutes § 49-31d (2) because the property subject to foreclosure was not residential as required for the statute to apply. The trial court correctly denied the defendants' motion to open the judgment on the basis of the failure of the defendants to establish the requisite good cause.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.