FIRST UNION NATIONAL BANK *v.* BENJAMIN
BONITO, JR., ET AL.
(AC 18325)

O'Connell, C. J., and Landau and Spear, Js.

Submitted on briefs December 16, 1998—officially released
February 23, 1999

*Jerald S. Barber* filed a brief for the appellant (named defendant).

*Mark L. Bergamo* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this tax lien foreclosure case, the named defendant[1] appeals following the trial court's denial of his motion to open the judgment. The defendant claims that the trial court abused its discretion when it refused to consider the defendant's changed circumstances and to extend the sale date. We affirm the judgment of the trial court.

The record discloses that, pursuant to General Statutes § 12-195h,[2] the city of New Haven assigned tax liens on the defendant's real estate to the plaintiff. On September 15, 1997, the trial court rendered a judgment of foreclosure by sale and set March 28, 1998, as the sale date. On March 17, 1998, the defendant filed a motion to open the judgment and to extend the sale date. The motion was heard and denied by the trial court on March 26, 1998.

The defendant argued to the trial court that when the foreclosure was ordered he owned the property

---

[1] We refer in this opinion to the named defendant, Benjamin Bonito, Jr., as the defendant.

[2] General Statutes § 12-195h provides: "Any municipality, by resolution of its legislative body, as defined in section 1-1, may assign, for consideration, any and all liens filed by the tax collector to secure unpaid taxes on real property as provided under the provisions of this chapter. The consideration received by the municipality shall be negotiated between the municipality and the assignee. The assignee or assignees of such liens shall have and possess the same powers and rights at law or in equity as such municipality and municipality's tax collector would have had if the lien had not been assigned with regard to the precedence and priority of such lien, the accrual of interest and the fees and expenses of collection. The assignee shall have the same rights to enforce such liens as any private party holding a lien on real property."

jointly with his wife, Maria Bonito. In February, 1998, their marriage was dissolved, and, as a result of the dissolution, the defendant became the sole owner of the property. At trial, the defendant contended that the dissolution of his marriage and the fact that he became the sole owner of the property constituted a sufficient change in circumstances to warrant the trial court's opening of the judgment and extending the sale date. We do not agree.

The fact that the defendant's only change in circumstance was his marital status does not constitute good cause. In addition, the defendant did not obtain refinancing, a fact that supports the trial court's decision that good cause was not shown. *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 352–53, 579 A.2d 1054 (1990). In sum, there was no tangible evidence before the trial court that warranted granting the defendant's motion to open the judgment.

"[A] foreclosure action constitutes an equitable proceeding. . . . In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Internal quotation marks omitted.) *Federal National Mortgage Assn.* v. *Dicioccio*, 51 Conn. App. 343, 344–45, 721 A.2d 569 (1998). This court must make every reasonable presumption in favor of the trial court's decision when reviewing a claim of abuse of discretion. *Yanow* v. *Teal Industries, Inc.*, 196 Conn. 579, 583, 494 A.2d 573 (1985). "Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." *Connecticut National Bank* v. *Zuckerman*, 29 Conn. App. 541, 545,

616 A.2d 814 (1992). In this appeal, we cannot conclude that the trial court abused its discretion.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.