## OCWEN FEDERAL BANK, FSB *v.* ANDREW L. THACKER ET AL.
### (AC 22846)

Lavery, C. J., and Dranginis and Bishop, Js.

Submitted on briefs September 16—officially released November 19, 2002

*James M. Nugent* filed a brief for the appellant (Ollie F. Thacker).

*Marjorie R. Gruszkiewicz* filed a brief for the appellee (substitute plaintiff Chase Manhattan Bank).

#### Opinion

PER CURIAM. The defendant Ollie F. Thacker[1] appeals from the judgment of the trial court denying her motion to reopen the judgment of strict foreclosure that was rendered on January 22, 2002. We affirm the judgment of the trial court.

---

[1] The named defendant, Andrew L. Thacker, has not joined in this appeal. We therefore refer in this opinion to Ollie Thacker as the defendant.

The following background information is relevant to our resolution of the defendant's appeal. The plaintiff, Ocwen Federal Bank, FSB,[2] commenced an action to foreclose a mortgage executed by Andrew L. Thacker and Ollie F. Thacker that secured a note in the original principal amount of $189,850. The Thackers defaulted as a result of nonpayment on October 1, 1996. On November 29, 1999, the court rendered a judgment of strict foreclosure against the Thackers, scheduling the first law day for February 7, 2000. On January 4, 2000, the Thackers filed a motion to open and to set aside the judgment, and to extend the law day. On February 7, 2000, the court granted the motion, extending the law day to November 13, 2000. On October 31, 2000, the Thackers again filed a motion to open and to set aside the judgment of foreclosure, and to extend the law day. The court granted that motion as well, and the law day was extended to July 30, 2001. On July 6, 2001, the Thackers filed a motion, for the third time, to open the judgment of foreclosure and to extend the law day. The court extended the law day to October 1, 2001.

Ollie Thacker thereafter filed a chapter 13 bankruptcy petition, staying the running of the law days. The bankruptcy petition was dismissed on October 26, 2001. The court thereafter rendered another judgment of strict foreclosure on January 22, 2002, and set a new law day of March 11, 2002.

On March 11, 2002, the defendant[3] again filed a motion to have the judgment of foreclosure reopened and the law day extended. In support of that final motion, the defendant attached an affidavit claiming that the servicer of the loan secured by the mortgage, Litton Loan

---

[2] On March 12, 2001, Chase Manhattan Bank was substituted as the plaintiff on the basis of a March 17, 2000 assignment to it of the interest of the plaintiff, Ocwen Federal Bank, FSB, in the action.

[3] From the record, it appears that the motion was filed by Ollie Thacker individually and that Andrew Thacker did not join in that motion.

Servicing LP (Litton), had offered to assist her in avoiding foreclosure of the subject property. The affidavit stated that although the defendant had responded to the offer of assistance by sending the required documents to Litton by guaranteed overnight delivery, Litton claimed to have not received them. The defendant then requested an extension to take such steps as necessary to avoid strict foreclosure on the property. The defendant also claimed an equity of approximately $25,000 in the property that would be lost if the plaintiff were allowed to foreclose. The court denied that motion on March 11, 2002. This appeal followed.

"[A] foreclosure action constitutes an equitable proceeding. . . . In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court. . . . *Federal National Mortgage Assn.* v. *Dicioccio*, 51 Conn. App. 343, 344–45, 721 A.2d 569 (1998). This court must make every reasonable presumption in favor of the trial court's decision when reviewing a claim of abuse of discretion. *Yanow* v. *Teal Industries, Inc.*, 196 Conn. 579, 583, 494 A.2d 573 (1985). Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did. *Connecticut National Bank* v. *Zuckerman*, 29 Conn. App. 541, 545, 616 A.2d 814 (1992)." (Internal quotation marks omitted.) *First Union National Bank* v. *Bonito*, 52 Conn. App. 52, 54–55, 725 A.2d 393, cert. denied, 249 Conn. 901, 732 A.2d 775 (1999).

In this appeal, we cannot conclude that the court abused its discretion. The defendant was successful in obtaining extensions of the law day on five separate occasions. Although the defendant claimed that she

was attempting to work out an arrangement with the servicer for the debt whereby she could retain the property, the only evidence presented to that effect was an unsubstantiated claim in an affidavit that the defendant had sent relevant documents to the servicer, but that the servicer claimed to have not received them.

Moreover, the court found that the defendant already had more than one year to accomplish those things for which she had sought extensions of the law day. At the hearing on the motion, the defendant conceded that it did not appear as if the debt servicer was going to assist her in avoiding foreclosure. We conclude that the court reasonably could have concluded that granting yet another extension of the law day would serve no purpose other than to delay the inevitable.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.