# FIRST CONNECTICUT CAPITAL, LLC, ET AL. *v.*
# HOMES OF WESTPORT, LLC, ET AL.
## (AC 28991)

Gruendel, Beach and Hennessy, Js.

Argued September 24, 2008—officially released February 24, 2009

*Edward Kanowitz,* for the appellant (named defendant).

*Matthew B. Woods,* for the appellees (named plaintiff et al.).

*Opinion*

GRUENDEL, J. This is a foreclosure appeal about a committee sale conducted during the pendency of an appellate stay. The defendant Homes of Westport, LLC, challenges the propriety of the judgment of the trial court approving the committee sale of certain real property in Westport.[1] We conclude that the court abused its discretion in approving a committee sale conducted

---

[1] Named as defendants in the complaint were Homes of Westport, LLC; Homes of Fairfield County, LLC; The Braca Family Trust, LLC; John A. Braca, Jr.; Patricia A. Braca; Robert Utzler; Midland Sales, Inc.; Creative Bath, LLC; Hill Top Painters, LLC; and First Connecticut Capital Mortgage Fund A, Limited Partnership. Because only Homes of Westport, LLC, has appealed, we refer to it as the defendant in this opinion.

during the pendency of an appellate stay and, accordingly, reverse the judgment of the trial court.

The facts are not disputed. In December, 2006, the plaintiffs, First Connecticut Capital, LLC, Hedy Kanarick, First CT Capital Mortgage Pool No. 1, Harold Silver, Pearl Silver, Ronald Simonelli, David Snow and First Connecticut Capital Mortgage Fund A, Limited Partnership, commenced a foreclosure action against the defendant with respect to real property known as 3 Grays Farm Road in Westport (property).[2] The defendant thereafter filed a disclosure of no defense, and the plaintiffs, in turn, moved for a judgment of strict foreclosure. On May 7, 2007, the court rendered judgment of foreclosure by sale, finding the value of the property to be $3.2 million and a debt owing of $1,847,934. The defendant did not appeal from that judgment. The court set a sale date of July 7, 2007.

On July 5, 2007, the defendant filed a motion to open the judgment of foreclosure by sale and extend the sale date.[3] On July 6, 2007, the court held a hearing thereon, at which the defendant alleged that it was in negotiations with Angelo Labbruzzo, a potential buyer of the

---

[2] Due to its interest in the property stemming from a second mortgage, the plaintiff First Connecticut Capital Mortgage Fund A, Limited Partnerhsup, was named as a defendant in the action. See footnote 1.

[3] The defendant's motion to open the judgment of foreclosure by sale and extend the sale date was not authorized by General Statutes § 49-15; that statute pertains only to motions to open a judgment of strict foreclosure. *Northeast Savings, F.A.* v. *Hopkins,* 22 Conn. App. 396, 399 n.3, 578 A.2d 136 (1990); see also D. Caron & G. Milne, Connecticut Foreclosures (4th Ed. 2004) § 9.01B, p. 203 ("[General Statutes] § 49-15, by its very terms, is applicable only to judgments of strict foreclosure, and thus can have no effect on a judgment of foreclosure by sale"). Rather, the motion to open a judgment of foreclosure by sale "has two restrictions. It must be filed within the four month restriction of [General Statutes] § 52-212a, and this motion has to be filed before the committee sale is approved." *Northeast Savings, F.A.* v. *Hopkins,* supra, 399 n.3. Because the defendant's motion was filed both within the four month limitation set forth in § 52-212a and before approval of the committee sale, it was timely.

property, as evidenced by a purchase agreement and a personal check signed by Labbruzzo. The defendant thus requested that the sale date be delayed more than seven months. The plaintiffs expressed skepticism at the alleged potential sale of the property, stating that they had informed the defendant that "if the alleged buyer was willing to put up a 10 percent, nonrefundable deposit, we wouldn't object to an extension of time, because we'd love to have the property sold . . . ." That offer was not accepted. The plaintiffs further stated: "[R]ight now, Your Honor, this potential buyer . . . we have no idea as to his financial solvency; [he] could be some guy who just happened to be walking by on the sidewalk and was brought in to sign this document. We don't know whether he has the money to close. We don't know whether he'll qualify for a multimillion dollar mortgage to buy the property. So far, all we've seen is this purchase agreement with a . . . personal check attached. We don't even know whether that check is good." The plaintiffs further noted that the purchase agreement before the court provided that "[t]his sale is contingent upon the buyer's ability to obtain financing thirty days from completion of home, building inspection, radon test and well test." As a result, the plaintiffs maintained that the sole basis of the defendant's motion was to delay the foreclosure sale, stating that "[d]elaying this until February will be prejudicial to the plaintiff[s], and I don't believe that this alleged agreement is sufficient. It's not a real agreement, Your Honor." In response, counsel for the defendant candidly stated: "Your Honor, as you know, has to weigh the equities of the possibility of this deal being a real deal. It was just presented to me yesterday. I was just retained yesterday. I don't know who the buyer is, of course. I don't know about the bona fide [nature] of that check, but in doing real estate conveyancing, the way it starts is with a binder and with a personal check

. . . . There [are] times when you find out that the check is good, sometimes you find out the check is no good."

After hearing from all concerned parties, the court denied the motion to open the judgment of foreclosure by sale. At that time, the plaintiffs moved to terminate prospectively the stay of execution, pursuant to Practice Book § 61-11 (d). The plaintiffs stated: "[W]hat counsel [for the defendant] is attempting to do is buy time. That means that any appeal would be solely for purposes of delay. And I'm willing to bet that he has the appeal papers in his briefcase all . . . ready to file." The court granted the motion to terminate prospectively the stay of execution.

At the conclusion of the July 6, 2007 hearing, the committee for the sale of the property inquired as to whether the sale was to proceed as scheduled. The following colloquy occurred:

"[The Committee's Counsel]: Your Honor, if I may, I have a question, since my marching orders come from the court. You're granting the motion to terminate [the] stay means that even if the defendant files an appeal, I am to go forward with the auction tomorrow?

"The Court: I think that's right, but I'm not in the business of giving legal advice. In other words, there would be no stay, as far as I know. All right?

"[The Defendant's Counsel]: Subject to the potential filing of a motion for review with the Appellate Court.

"The Court: I mean we're in the area where I'm not sure I can give you—and I apologize, because you're certainly entitled to what I can give you, but . . . it's not going to be much."

Later that day, the defendant filed an appeal from the court's denial of its motion to open the judgment

of foreclosure by sale. The sale proceeded as scheduled on July 7, 2007.

On July 13, 2007, the defendant filed with this court, pursuant to Practice Book §§ 66-6 and 61-14, a motion for review of the order terminating the stay of execution. This court denied that motion on September 26, 2007. The trial court subsequently granted the committee's motion for approval of the committee sale and deed on October 29, 2007. From that judgment, the defendant appeals.[4]

I

Before addressing the defendant's claim, we first consider whether the denial of a motion to open a judgment of foreclosure by sale is an appealable final judgment.[5] Two commentators have noted this muddled aspect of our foreclosure law. See D. Caron & G. Milne, Connecticut Foreclosures (4th Ed. 2004) § 17.06, p. 394 ("the denial of a motion to reopen a judgment is generally not a final judgment from which an appeal lies"); but see id., p. 395 (observing that Connecticut case law "invariably [has] depended on a recognition that the denial of a motion to reopen rests in the sound discretion of the trial court, and that, barring a finding of an abuse of that discretion, the decision must remain undisturbed"). Because that question implicates this court's subject matter jurisdiction; see *Mazurek* v.

[4] "[O]nce a court has approved the foreclosure sale and the applicable appeal period has elapsed, the mortgagor's right of redemption is extinguished and the court's jurisdiction to modify that judgment ends. . . . [A]fter the sale is approved and the relevant appeal periods have expired, any action by the mortgagor to redeem should be dismissed as moot." (Citation omitted.) *Wells Fargo Bank of Minnesota, N.A.* v. *Morgan*, 98 Conn. App. 72, 79–80, 909 A.2d 526 (2006). Because the defendant commenced this appeal from the judgment approving the committee sale in a timely manner, mootness is not implicated in the present case.

[5] Significantly, the defendant in this appeal has abandoned any claim concerning the propriety of the court's denial of its motion to open the judgment of foreclosure by sale.

*Great American Ins. Co.*, 284 Conn. 16, 33, 930 A.2d 682 (2007); we first address this threshold issue.[6]

Preliminarily, we note that the denial of a motion to open generally is appealable. As this court recently observed, "It is well established in our jurisprudence that [w]here an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, we have refused to entertain issues relating to the merits of the underlying case and have limited our consideration to whether the denial of the motion to open was proper." (Internal quotation marks omitted.) *Misata* v. *Con-Way Transportation Services, Inc.*, 106 Conn. App. 736, 742, 943 A.2d 537 (2008). Thus, "[w]hen a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment." *Altberg* v. *Paul Kovacs Tire Shop, Inc.*, 31 Conn. App. 634, 640, 626 A.2d 804 (1993).

There is no Connecticut precedent that holds that the denial of a motion to open a judgment of foreclosure by sale is not an appealable final judgment. To the contrary, our appellate courts routinely afford review to appeals from the denial of a motion to open a judgment of foreclosure by sale. See, e.g., *Northeast Savings, F.A.* v. *Hintlian*, 241 Conn. 269, 271, 696 A.2d 315 (1997) (granting review of trial court's denial of motion to open judgment of foreclosure by sale and concluding no due process violation); *Connecticut Savings Bank* v. *Heghmann*, 193 Conn. 157, 160, 474 A.2d 790 (granting review of trial court's denial of motion to open judgment

---

[6] Although neither party raised this threshold issue, it is well established that "[t]he subject matter jurisdiction requirement . . . may be raised . . . by the court sua sponte, at any stage of the proceedings, including on appeal." *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 441, 870 A.2d 448 (2005).

of foreclosure by sale and concluding no abuse of discretion), cert. denied, 469 U.S. 883, 105 S. Ct. 252, 83 L. Ed. 2d 189 (1984); *McCord* v. *Fredette*, 92 Conn. App. 131, 133, 883 A.2d 1258 (2005) (holding that court did not abuse discretion in denying defendant's motion to open judgment of foreclosure by sale and remanding case for setting of new sale date); *Tax Collector* v. *Stettinger*, 79 Conn. App. 823, 827, 832 A.2d 75 (2003) (holding that court "properly denied" defendant's motion to open judgment of foreclosure by sale); *Union Trust Co.* v. *Roth*, 58 Conn. App. 481, 755 A.2d 239 (2000) (noting that "[w]hether to grant a motion to open rests in the discretion of the trial court" and holding that court did not abuse discretion in denying motion to open judgment of foreclosure by sale); *First Union National Bank* v. *Bonito*, 52 Conn. App. 52, 55, 725 A.2d 393 (holding that court did not abuse discretion in denying motion to open judgment of foreclosure by sale), cert. denied, 249 Conn. 901, 732 A.2d 775 (1999); *Connecticut Mortgage Co.* v. *Knudsen*, 39 Conn. App. 936, 667 A.2d 1307 (1995) (memorandum decision affirming trial court's denial of motion to open judgment of foreclosure by sale); *Weston* v. *Reade*, 36 Conn. App. 961, 962, 653 A.2d 228 (1995) (memorandum decision affirming trial court's denial of motion to open judgment of foreclosure by sale); *Old Stone Bank* v. *Murray*, 29 Conn. App. 927, 618 A.2d 589 (memorandum decision affirming trial court's denial of motion to open judgment of foreclosure by sale), cert. denied, 225 Conn. 907, 621 A.2d 288 (1993); *National Iron Bank* v. *Gelormino*, 28 Conn. App. 7, 9, 609 A.2d 666 (1992) (holding that defendants "failed to demonstrate that the trial court abused its discretion, that its findings were clearly erroneous or that its decision was otherwise erroneous in law" in denying motion to open judgment of foreclosure by sale); *Marselle* v. *Gay*, 27 Conn. App. 922, 608 A.2d 108 (1992) (holding that court did not abuse discretion in

denying motion to open judgment of foreclosure by sale).[7]

As in the present case, the defendants in *Wilton* v. *McGovern*, 33 Conn. App. 517, 518, 636 A.2d 870, cert. denied, 228 Conn. 929, 640 A.2d 116 (1994), took no action during the twenty day appeal period after the judgment of foreclosure by sale was rendered. The defendants in *Wilton* subsequently filed a motion to open the judgment, which the trial court denied. Id. In

---

[7] In *First National Bank* v. *Ferguson*, 129 Conn. 374, 377, 28 A.2d 87 (1942), our Supreme Court considered whether the denial of a motion to open a judgment of foreclosure constitutes a final judgment for purposes of appeal. The court began its analysis by acknowledging that "[o]rdinarily the denial of a motion to reopen a judgment is not a final judgment within the appeal statute" before qualifying that statement: "The denial of such a motion falls within the rule that, in a proper case, supplemental proceedings following a judgment may be assigned as error in an appeal from the judgment." Id., 376. The court continued: "If an appeal would lie from [the denial of a motion to open a judgment of foreclosure], it would be because the grounds upon which relief was claimed arose after the time to appeal from the original judgment of foreclosure had passed. Whether or not a judgment is final is to be determined upon the face of the record." Id. Because the defendant in *Ferguson* "made a motion to open the judgment without stating any specific grounds"; id.; the court concluded that the record before it was inadequate to determine whether the facts alleged by the defendant had arisen after the time to appeal from the original judgment of foreclosure had passed. Id., 376–77.

By contrast, the defendant's July 5, 2007 motion to open in the present case alleged, inter alia, that subsequent to the rendering of the judgment of foreclosure by sale, "an offer to purchase the property has been received at a price of $3,595,000," that the "offered price is sufficient to satisfy the debt being foreclosed," that it "would be inequitable to proceed to the presently ordered foreclosure sale" and that the defendant should be afforded "the opportunity to sell the property in a commercially reasonable manner to resolve the mortgage debt." Reading that pleading broadly as we are required to do; see *Deming* v. *Nationwide Mutual Ins. Co.*, 279 Conn. 745, 778, 905 A.2d 623 (2006); the motion appears to contain grounds that arose "after the time to appeal from the original judgment of foreclosure had passed." *First National Bank* v. *Ferguson*, supra, 129 Conn. 376. In short, it may qualify for the *Ferguson* exception, which presents an additional complexity to any final judgment analysis. As two commentators have noted, the *Ferguson* exception has not been applied or expounded on in subsequent decisions. D. Caron & G. Milne, supra, § 17.06, p. 395.

considering the propriety of the subsequent appeal from that denial, this court stated: "That motion to open was filed within the four month period provided by Practice Book § 326 [now § 17-4] and an appeal from the denial of the motion to open is ordinarily allowed under *Farmers & Mechanics Savings Bank* v. *Sullivan*, [216 Conn. 341, 356, 579 A.2d 1054 (1990)], provided the appeal is timely filed."[8] *Wilton* v. *McGovern*, supra, 519; see also *Wells Fargo Bank of Minnesota, N.A.* v. *Morgan*, 98 Conn. App. 72, 83, 909 A.2d 526 (2006) ("the proper filing of a timely motion to open the judgment [of foreclosure by sale] triggers the automatic stay provision"). As we often have stated, "this court's policy dictates that one panel should not, on its own, reverse the ruling of a previous panel. The reversal may be accomplished only if the appeal is heard en banc." (Internal quotation marks omitted.) *Boccanfuso* v. *Conner*, 89 Conn. App. 260, 285 n.20, 873 A.2d 208, cert. denied, 275 Conn. 905, 882 A.2d 668 (2005). Prudence, then, dictates that this panel decline to revisit the question. That our Supreme Court has reached the merits of appeals from the denial of a motion to open a judgment of foreclosure by sale; see, e.g., *Northeast Savings, F.A.* v. *Hintlian*, supra, 241 Conn. 269; *Connecticut Savings Bank* v. *Heghmann*, supra, 193 Conn. 157; further complicates the matter. As an intermediate appellate body, it is not within our province to overrule or modify the precedent of our Supreme Court. *State* v. *Henry*, 76 Conn. App. 515, 551, 820 A.2d 1076, cert. denied, 264 Conn. 908, 826 A.2d 178 (2003).

Furthermore, even if we assume arguendo that the denial of a motion to open a judgment of foreclosure by sale is not an appealable final judgment, that determination would have little bearing on the outcome in

---

[8] Although a strict foreclosure case, *Farmers & Mechanics Savings Bank* held that an appeal from the judgment denying a motion to open "is viable." *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 216 Conn. 356.

the present case. When the defendant commenced its appeal from the denial of its motion to open the judgment of foreclosure by sale on July 6, 2007, it did so on sound legal footing in light of the precedent discussed previously. Even were this court to conclude that such action does not constitute an appealable final judgment, the appellate stay mandated by Practice Book §§ 61-11 and 61-14 remained in full force at the time of the July 7, 2007 committee sale.

In any event, the determinative factors in the present case do not concern the defendant's motion to open. Although the defendant ultimately appealed from the denial of its motion to open, it remains that the plaintiff filed, and the court granted, a prospective motion to terminate an appellate stay *prior* to the defendant's commencement of the appeal. As discussed in greater detail in part II, once the court granted the motion to terminate the appellate stay, "[e]xecution of an order of the court terminating a stay of execution shall be stayed for ten days from the issuance of notice of the order . . . ." Practice Book § 61-14. Thus, even had the defendant *never* appealed from the denial of its motion to open the judgment of foreclosure, our rules of practice imposed a ten day appellate stay on the proceedings. Accordingly, we perceive no final judgment barrier to our consideration of the present appeal.

## II

Returning our attention to the issue addressed by the parties in this appeal, the defendant's sole claim is that the court improperly approved a committee sale conducted in violation of Practice Book §§ 61-11 and 61-14. We are compelled to agree with the defendant.

At the outset, we note that the applicable standard of review applied to a court's approval of a committee sale is the abuse of discretion standard. *Fidelity Trust Co.* v. *Irick*, 206 Conn. 484, 490, 538 A.2d 1027 (1988).

"[A] foreclosure action constitutes an equitable proceeding. . . . In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court. . . . This court must make every reasonable presumption in favor of the trial court's decision when reviewing a claim of abuse of discretion. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Citations omitted; internal quotation marks omitted.) *Ocwen Federal Bank, FSB* v. *Thacker*, 73 Conn. App. 616, 618, 810 A.2d 279 (2002).

Our analysis begins with Practice Book § 61-14, which provides in relevant part: "The sole remedy of any party desiring the court to review an order concerning a stay of execution shall be by motion for review . . . . Execution of an order of the court terminating a stay of execution shall be stayed for ten days from the issuance of notice of the order, and if a motion for review is filed within that period, the order shall be stayed pending decision of the motion, unless the court having appellate jurisdiction rules otherwise. . . ." In the present case, the court issued an order terminating the stay of execution on July 6, 2007, and the defendant filed a motion for review thereof on July 13, 2007. As a result, the defendant argues that the automatic stay of execution provided for in Practice Book § 61-11 (a) remained in effect until this court ruled on its motion for review on September 26, 2007, and, accordingly, the July 7, 2007 committee sale was prohibited under Practice Book §§ 61-11 and 61-14.

The plaintiffs' principal contention in this appeal pertains to equitable considerations at play in the issue

before us. They emphasize that no appeal was taken from the underlying judgment of foreclosure by sale, and they consistently have maintained, before the trial court and this appellate body, that the defendant's strategic course of conduct has been pursued for a dilatory purpose. As they state in their appellate brief: "Under the defendant's reasoning, a foreclosing plaintiff faced with a motion to open a judgment of foreclosure by sale filed ten or fewer days before the scheduled sale would be in a no-win situation. If the court denied the motion to open and thereafter granted the plaintiff's motion to terminate the [appellate] stay, Practice Book § 61-14 would continue the stay through the scheduled sale date. Moreover, the stay would continue even if the defendant did not appeal the denial of its motion to open. Conversely, if the plaintiff did not file a motion to terminate the appellate stay, and the defendant filed an appeal from the denial of its motion to open the judgment, the normal appellate stay would kick in." At its essence, the plaintiffs' position calls to our attention an alleged abuse of judicial process. The trial court, as a court of equity in foreclosure proceedings, in its discretion determined that a delay in the sale of the foreclosed property was unwarranted. Availing itself of the right to appellate review under our rules of practice, the defendant nevertheless delayed the sale. As Judge Nadeau observed during argument on the motion to approve the committee sale, by carefully employing the motion to open a judgment of foreclosure by sale in tandem with Practice Book §§ 61-11 and 61-14, "it would be possible . . . to create almost the perfect perpetual motion machine."[9]

---

[9] That perpetual motion machine was in full operation in *Barclays Bank of New York* v. *Ivler*, 20 Conn. App. 163, 565 A.2d 252, cert. denied, 213 Conn. 809, 568 A.2d 792 (1989). We detailed "the sorry procedural history"; id., 165 n.2; of that case as follows: "On September 23, 1988, the plaintiff filed a motion to terminate the automatic stay of execution. The court held a hearing on September 30, 1988, and granted the plaintiff's motion to terminate the stay. The defendant immediately moved for this court to review the termination of the stay. On November 8, 1988, we denied the

We understand that an action of foreclosure is peculiarly equitable and that the court exercises discretion in ensuring that justice be done. See *Beach* v. *Isacs*, 105 Conn. 169, 176, 134 A. 787 (1926). In approving the committee sale, "[t]he court must exercise its discretion and equitable powers with fairness not only to the foreclosing mortgagee, but also to subsequent encumbrancers and the owners." *Dime Savings Bank of New York* v. *Grisel*, 36 Conn. App. 313, 319, 650 A.2d 1246 (1994). Most importantly, the court possesses the authority "to refuse to confirm sales upon equitable grounds where they were found to be unfair or the price bid was inadequate." (Internal quotation marks omitted.) *Northeast Savings, F.A.* v. *Hopkins*, 22 Conn. App. 396, 401, 578 A.2d 136 (1990). An argument is to be made that, in light of that authority, a court facing a committee sale that transpired in contravention of an appellate stay could nevertheless discern whether that sale was unfair to the defendant or whether the sale

defendant's request for relief from the termination of the stay. Thereafter, on November 17, 1988, the plaintiff filed a motion seeking advice from the trial court as to whether title had passed to it, and if not, whether new law days should be set. On November 28, 1988, the court heard the motion and set new law days beginning December 5, 1988, for the defendant.

"The court, at the same time, terminated any stay of the law days pending appeal. On November 30, 1988, the defendant appealed from the trial court's setting of the new law days. On December 2, 1988, the defendant filed a motion for review of the trial court's termination of stay of the December 5 law day. On January 27, 1989, this court denied any relief to the defendant on the review of the stay, dismissed the second appeal, and gave the defendant the right to amend his first appeal to include the trial court's setting of new law days on November 28, 1988.

"On February 2, 1989, the plaintiff filed a motion to set new law days. On May 1, the trial court set the law days beginning May 22, 1989, for the defendant. In addition, the trial court terminated any stay of appeal that would be created by the defendant's taking an appeal from the setting of the new law days. On May 5, the defendant filed a motion for review of the trial court's order terminating the automatic stay of execution. On May 17, this court denied the relief requested. On May 22, the defendant filed a motion for reconsideration with this court that was denied on June 26, 1989." Id. Incredible.

price was inadequate, which essentially amounts to a harmlessness analysis. For multiple reasons, we are persuaded that such an argument ultimately is untenable.

First and foremost, by their plain language, the salient provisions of Practice Book §§ 61-11 and 61-14 are mandatory. "Absent an indication to the contrary, the [drafter's] choice of the mandatory term shall rather than the permissive term may indicates that the . . . directive is mandatory." (Internal quotation marks omitted.) *Vargas* v. *Doe*, 96 Conn. App. 399, 412, 900 A.2d 525, cert. denied, 280 Conn. 923, 908 A.2d 546 (2006). Section 61-11 (a) provides in relevant part that "[e]xcept where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order *shall* be automatically stayed until the time to take an appeal has expired. . . ." (Emphasis added.) Likewise, Practice Book § 61-14 provides in relevant part that "[e]xecution of an order of the court terminating a stay of execution *shall* be stayed for ten days from the issuance of notice of the order, and if a motion for review is filed within that period, the order *shall* be stayed pending decision of the motion, unless the court having appellate jurisdiction rules otherwise. . . ." (Emphasis added.) Those provisions plainly prohibited the committee sale from proceeding on July 7, 2007. As this court has stated, "Practice Book § 61-11 serves to stay 'proceedings to enforce or carry out the judgment . . . until the time to take an appeal has expired,' thereby forbidding . . . a sale in a foreclosure by sale." *RAL Management, Inc.* v. *Valley View Associates*, 88 Conn. App. 430, 439, 872 A.2d 462 (2005), rev'd on other grounds, 278 Conn. 672, 899 A.2d 586 (2006); see also *Wells Fargo Bank of Minnesota, N.A.* v. *Morgan*, supra, 98 Conn. App. 83 ("the proper filing of a timely motion to open the judgment [of foreclosure by sale] triggers

the automatic stay provision"); D. Caron & G. Milne, supra, § 17.06, p. 395.

Second, this court is bound by the decision of our Supreme Court in *Hartford National Bank & Trust Co.* v. *Tucker*, 181 Conn. 296, 435 A.2d 350, cert. denied, 449 U.S. 956, 101 S. Ct. 363, 66 L. Ed. 2d 221 (1980). The defendant in that case appealed unsuccessfully to our Supreme Court from a judgment of foreclosure by sale. He thereafter filed a motion to reargue his appeal with that court. Id., 297. As the court stated: "Notwithstanding the continued appellate status of this case . . . the trial court . . . granted the plaintiff's motion . . . and modified the judgment to provide for a public sale to be held on October 13, 1979." Id., 297–98. Because that order impinged on the defendant's appellate rights, the Supreme Court held it improper: "[T]he modification of the judgment ordering a public sale of the property, and the sale held pursuant thereto, were without judicial authority. It is fundamental to the judicial process that a party's right to judicial review shall not be obliterated or undermined by the unauthorized exercise of jurisdiction by the court whose doings are, or may be, subject to review. This principle is as binding upon this court as it is upon courts of lesser jurisdiction in this state. A party accorded the right of appellate review is entitled to the full and unhampered exercise of that right in accordance with the applicable rules of practice or statutes. This the defendant was deprived of, and so, he was deprived of due process of law." Id., 298. That logic applies with equal force to the present case.

Third, our decisional law indicates that in a foreclosure by sale, "[t]he court is the vendor . . . and the committee of sale is the mere agent of the court." *Dime Savings Bank of New York* v. *Grisel*, supra, 36 Conn. App. 320. For that reason, "whatever discretion the committee may have certainly cannot extend to selling

property . . . ." *Lombard* v. *Edward J. Peters, Jr., P.C.*, 252 Conn. 623, 629, 749 A.2d 630 (2000). When the committee proceeded with the July 7, 2007 sale, it did so as an agent of the court in contravention of Practice Book §§ 61-11 and 61-14.

Although the court in a foreclosure action exercises discretion, it must correctly apply the law. *Ocwen Federal Bank, FSB* v. *Thacker*, supra, 73 Conn. App. 618. That the court did not do in the present case. Pursuant to Practice Book § 61-14, execution of the court's July 6, 2007 order terminating prospectively the stay of execution was "stayed for ten days from the issuance of notice of the order . . . ." As a result, proceedings to enforce or carry out the judgment of foreclosure by sale automatically were stayed, including the scheduled committee sale of July 7, 2007. Practice Book § 61-11; *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 682, 899 A.2d 586 (2006) (rules of practice preclude any proceedings to enforce or carry out judgment while appellate stay in effect). In light of the foregoing, we conclude that the court abused its discretion in approving the motion for approval of the committee sale and deed.

We appreciate the concerns raised in this appeal by the plaintiffs, which merit attention by the rules committee of the Superior Court and the General Assembly. As presently enacted, however, our rules of practice permitted the perpetual motion machine employed by the defendant in the present case.

The judgment is reversed and the case is remanded to the trial court with direction to set a new sale date.

In this opinion the other judges concurred.