******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PEOPLE'S UNITED BANK *v.* GREGORY J.
SARNO ET AL.
(AC 36962)

Keller, Prescott and West, Js.

*Argued May 19—officially released October 27, 2015*

(Appeal from Superior Court, judicial district of
Fairfield, Hartmere, J. [foreclosure judgment]; Hon.
Richard P. Gilardi, judge trial referee [motion for
approval of committee sale].)

*Joseph J. Cessario*, with whom, on the brief, was *Gregory J. Bennici*, for the appellant (named defendant).

*Robert J. Piscitelli*, for the appellee (plaintiff).

*Opinion*

WEST, J. The defendant Gregory J. Sarno[1] appeals from the judgment of the trial court approving a foreclosure by sale in favor of the plaintiff, People's United Bank, of property composed of two separate parcels owned by the defendant. On appeal, the defendant claims that the court abused its discretion in approving the foreclosure sale.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant. This appeal arises out of the plaintiff's action to foreclose on real property located at 2131 and 2136 Fairfield Beach Road in Fairfield. In February, 2012, the plaintiff instituted a foreclosure action on the Fairfield property, and its complaint alleged the following facts. In January, 2005, the defendant, as the owner of the Fairfield property, executed a note in favor of the plaintiff for a loan with an original principal sum of $900,000, payable with interest thereon as provided in the note. To secure the note, the defendant also executed a mortgage on the Fairfield property in favor of Mortgage Electronic Registration, Inc., as nominee for the plaintiff. The mortgage was recorded in the Fairfield land records and was then assigned to the plaintiff. When the note was in default, the plaintiff elected to accelerate the balance due on the note and to foreclose the mortgage on the Fairfield property.

In May, 2012, the plaintiff filed a motion for judgment by strict foreclosure. The plaintiff filed an appraisal identifying the property as 2131 Fairfield Beach Road, and listing the fair market value as $955,000. This appraisal noted that the subject property consisted of two lots: 2131 Fairfield Beach Road, a 0.13 acre parcel with improvements, and 2136 Fairfield Beach Road, a 0.02 acre vacant parcel. An accompanying oath of appraiser denoted the appraised property as 2131 Fairfield Beach Road, with a total value of $955,000. The plaintiff filed another oath of appraiser which represented the property as 2131 and 2136 Fairfield Beach Road, with a total value of $900,000. The attached appraisal referenced the property as 2131 Fairfield Beach Road. The appraisal report indicated the site to be 0.15 acres. On July 16, 2012, the court rendered a judgment of foreclosure by sale that described the property as 2131 Fairfield Beach Road, and the sale date was set. At that time, the court found the fair market value of the property to be $900,000, and the plaintiff's debt to be $828,728.34.

In October, 2012, the residence on the main parcel was severely damaged in tropical storm Sandy. The residence was subsequently razed by the town of Fairfield and a demolition lien in the amount of $12,000 was recorded on the land records. The defendant filed a motion to open the judgment and extend the sale

date, which was later granted.

In March, 2013, the plaintiff filed a motion to reopen, seeking to convert the foreclosure judgment to a judgment of strict foreclosure and to set law days. The motion stated that the committee had obtained an updated appraisal indicating that the present value of the property was $605,000, thus concluding that there was no longer any equity in the property. The court denied the motion to convert the foreclosure judgment to a judgment of strict foreclosure, reopened the judgment of foreclosure by sale, and set a new sale date. In July, 2013, and again in October, 2013, the defendant filed a motion to open and extend the sale date, both of which were granted. In November, 2013, a return of appraiser, oath of appraiser and appraisal were filed by the committee, referencing the property appraised as 2131 Fairfield Beach Road.

In January, 2014, the committee filed a return of appraiser, oath of appraiser and appraisal, all of which referred to the property as 2131 Fairfield Beach Road. The appraisal indicated the property to be 0.13 acres and estimated the market value of the property to be $705,000. In February, 2014, the defendant filed another motion to open and extend the sale date, which was later granted.

The auction was posted on the judicial branch website and the property was identified as 2131 and 2136 Fairfield Beach Road. The notice to bidders also identified the property as 2131 and 2136 Fairfield Beach Road, and the property description attached to the notice identified both of the parcels. The court appointed the appraiser and the committee then filed the return of appraiser and oath of appraiser relevant to this appeal in April, 2014. The return of appraiser referred to the property as 2131 and 2136 Fairfield Beach Road. The oath of appraisal referenced the property as 2131 Fairfield Beach Road, and represented the appraised value to be $705,000. The appraisal itself listed the property as 2131 Fairfield Beach Road and indicated that the property was 0.13 acres, but also referred to page 30 of volume 2890 of the Fairfield land records, which contained descriptions of both parcels. The appraisal also included a "Subject Photo Page" which contained three photographs: a photograph of 2131 Fairfield Beach Road, labeled "Subject Front" and captioned "2131 Fairfield Beach Road"; a photograph of 2136 Fairfield Beach Road, labeled "Subject" and captioned "NORTH SIDE ACROSS THE STREET PARKING ONLY"; and a photograph of the street labeled "Subject Street."

The sale took place on April 12, 2014, after it was duly advertised and a sign was posted on the property. The plaintiff was the only bidder present at the sale, and the plaintiff's bid was $396,000. The plaintiff took title subject to the demolition lien of approximately

$12,000 and taxes of approximately $22,786.48.

The committee filed a motion for approval of the committee sale, referencing the property as 2131 and 2136 Fairfield Beach Road. The plaintiff filed a memorandum in support of the motion, indicating that the plaintiff had its own appraisal done for both properties, and that the appraised value was $460,000. The attached appraisal identified the property as 2131 Fairfield Beach Road and concluded that, as of October, 2013, the market value of the property was $460,000. The defendant later filed an objection to the plaintiff's motion for approval of the committee sale. In his objection, the defendant argued that the court should deny the motion for approval of the committee sale because the committee's appraisal provided the value for only one of the two properties and, therefore, did not accurately reflect the full fair market value of the premises. The motion for approval of the committee sale was later granted in May, 2014. This appeal followed.

On appeal, the defendant claims that the court abused its discretion in approving the foreclosure sale. The defendant argues that the sale was commercially unreasonable and inequitable because the appraisal was defective in that it considered only one of the two properties. He argues that the omission of any reference to 2136 Fairfield Beach Road or the 0.02 acres in the appraisal discouraged parties from submitting bids, and that the value of 2131 Fairfield Beach Road is markedly decreased when it is not paired with 2136 Fairfield Beach Road, which would allow for off-street parking and/or the construction of an accessory structure. He argues that this was fatal to the marketing and integrity of the sale, and thus, the court should have ordered a new sale or converted the sale to a strict foreclosure.

We first set forth the relevant standard of review and legal principles that govern our analysis of the defendant's claim. The applicable standard of review in analyzing a court's approval of a committee sale is the abuse of discretion standard. *First Connecticut Capital, LLC* v. *Homes of Westport, LLC*, 112 Conn. App. 750, 760, 966 A.2d 239 (2009). "[A] foreclosure action constitutes an equitable proceeding. . . . In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court. . . . This court must make every reasonable presumption in favor of the trial court's decision when reviewing a claim of abuse of discretion. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) Id., 761.

"[General Statutes §] 49-25 provides in relevant part

that in a foreclosure by sale 'the court shall appoint one disinterested appraiser who shall, under oath, appraise the property to be sold . . . . Upon motion of the owner of the equity of redemption, the court shall appoint a second appraiser in its decree. . . .' While an appraisal under the statute is not conclusive as to the value of the property for purposes of fixing the amount of a deficiency . . . it serves *to assist* the court in determining whether to approve the sale as one that fairly realized the value of the property. . . . While the trial court is not bound to accept the appraised value . . . it may *assist* the trial court in the exercise of its discretion, in accepting or rejecting a proposed sale. . . .

"The trial court in a foreclosure matter acts as a court of equity and has full authority to refuse to confirm a sale on equitable grounds where an unfairness has taken place or where the price bid was inadequate. . . . The court must exercise its discretion and equitable powers with fairness not only to the foreclosing mortgagee, but also to subsequent encumbrancers and the owners. . . . The appraisal procedure provided by § 49-25 performs the function of giving the trial court guidance on the question of whether to approve the sale." (Citations omitted; emphasis added.) *Dime Savings Bank of New York* v. *Grisel*, 36 Conn. App. 313, 318–19, 650 A.2d 1246 (1994).

"[I]n Connecticut, the law is well settled that whether a mortgage is to be foreclosed by sale or by strict foreclosure is a matter within the sound discretion of the trial court. . . . The foreclosure of a mortgage by sale is not a matter of right, but rests in the discretion of the court before which the foreclosure proceedings are pending." (Citations omitted; internal quotation marks omitted.) *Fidelity Trust Co.* v. *Irick*, 206 Conn. 484, 488, 538 A.2d 1027 (1988).

In the present case, the appraisal stated the address of the property as 2131 Fairfield Beach Road, and indicated that the property was 0.13 acres. The appraisal, however, also referred to page 30 of volume 2890 of the Fairfield land records, which contained descriptions of both parcels, and included a "Subject Photo Page," which contained photographs of both 2131 and 2136 Fairfield Beach Road. Furthermore, it is not clear from an examination of the value of the committee's appraisal that only one parcel was considered in the appraisal. When the court ordered the foreclosure, the value of the property was found to be $900,000. The committee's appraisal valued the property at $705,000. Given the surrounding circumstances, most notably that the structure on the beachfront parcel was demolished as a result of the damage done by the storm, it is not unreasonable that the value of the property would have decreased from the value it was appraised at when the structure was on the property. Additionally, a review

of the record reveals that other relevant documents that potential bidders would have looked to for information regarding the sale, including the judicial branch website, the notice to bidders, and the property description attached to the notice, referenced both parcels as being foreclosed. The defendant takes issue with the fact that the plaintiff's sole bid was for an amount less than the fair market value of the property at the time of the sale, however, "[i]t is not unusual for a foreclosure sale to yield considerably less than the property's appraised fair market value." *National City Real Estate Services, LLC* v. *Tuttle*, 155 Conn App. 290, 295, 109 A.3d 932 (2015).[3] We conclude, on the basis of our thorough review of the record, that although the appraisal may not have been a model of clarity, the court did not abuse its discretion in approving the sale.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The complaint named JPMorgan Chase Bank, N.A. (JPMorgan), as an additional defendant by virtue of a second mortgage that it held on the subject property that was subsequent in right to the plaintiff's mortgage. The plaintiff filed a motion for default against JPMorgan for failure to appear, which was granted by the court. Because JPMorgan has not taken an active role in the proceedings before the trial court or this court, all references to the defendant in this opinion refer solely to Sarno.

[2] Although the defendant argues that the court committed plain error by approving the sale of the properties, we review this claim under the abuse of discretion standard as the issue was preserved when the defendant raised this argument in his objection to the motion for approval of the committee sale, dated April 21, 2014.

[3] "No appellate case has established whether there is a certain percentage of fair market value below which a sale would trigger a trial court's obligation to reject a foreclosure sale on the ground that the price was inadequate or unfair as a matter of law." *National City Real Estate Services, LLC* v. *Tuttle*, supra, 155 Conn. App. 296. This court, however, has upheld the approval of a foreclosure sale producing less than 43 percent of the property's fair market value. See id., 293. In the present case, the plaintiff's $396,000 bid constituted 56 percent of the fair market value of $705,000 reflected in the committee's appraisal. Additionally, we note that the plaintiff's $396,000 bid constituted 86 percent of the fair market value of $460,000 reflected in the plaintiff's appraisal.